## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Kerry Lee Thomas, | § | |
|     Plaintiff | § | |
| | § | |
| | § | |
| vs. | § | Civil Action 4:23−cv−00662 |
| | § | |
| | § | |
| Robert Johnson, et al. | § | |
|     Defendants. | § | |

### DEFENDANTS' ERIC BRUSS AND WAYNE SCHULTZ MOTION TO DISMISS

Defendants Deputy Eric Bruss and Sergeant Wayne Schultz move to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and would respectfully show the Court as follows:

### I. STATEMENT OF NATURE OF CASE

This civil rights lawsuit stems from the apprehension and arrest of Plaintiff Kerry Lee Thomas ("Thomas") on February 22, 2021 [Doc. #1]. Thomas brings suit against the Estate of Robert Johnson[1], Deputy Eric Bruss and Sergeant Wayne Schultz for injuries he sustained when Deputy Robert Johnson ("Johnson") unleashed his canine that caused injury to Thomas. [Doc. 1, ¶2] Thomas claims that Deputy Bruss ("Bruss") and Sergeant Schultz ("Schultz") violated Thomas' Fourth Amendment rights by failing to protect him and failing to intervene in Johnson's alleged unconstitutionally excessive use of force. [Doc #1, ¶¶75 & 76.]

Bruss and Schultz are entitled to qualified immunity. Thomas' allegations against them are nothing more than unsupported, conclusory allegations and statements framed as factual

---

[1] Deputy Johnson is deceased. [Doc. 1, ¶11].

conclusions of civil liability. Thomas has failed to state a claim upon which relief can be granted against Bruss and Schultz, and they respectfully move this Court to dismiss Plaintiff's claims against them pursuant to Rule 12(b)(6).

## II. STATEMENT OF ISSUES AND SUMMARY OF ARGUMENT

The issue to be ruled upon is whether Plaintiff failed to state a claim against Bruss and Schultz upon which relief can be granted. Thomas' civil rights claims are barred because he has not stated any claim against Bruss and Schultz for which relief is available under 42 U.S.C. §1983. Plaintiff failed to allege any facts capable of establishing that Bruss and Schultz personally violated Plaintiff's constitutional rights, and therefore failed to negate their entitlement to qualified immunity. Specifically, the claim for excessive force was not properly alleged as neither Bruss nor Schultz violated Thomas' constitutional rights nor were their actions unreasonable. Thomas claims that Bruss and Schultz had a duty to intervene and protect Thomas from the excessive use of force by Deputy Johnson. Because this right was not clearly established, Bruss and Schultz are entitled to qualified immunity and Plaintiff's claims against them should be dismissed as a matter of law.

## III. STANDARD OF REVIEW

**A.      Rule 12(b)(6)**

If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier,* 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire,* 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009);

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 566 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh,* 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly,* 550 U.S. at 570).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft,* 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

"When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva,* 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft,* 556 US at 678); *see also Hale v. King,* 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.,* 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale,* 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor,* 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.,* 987 F.2d 278, 284 (5th Cir. 1993)).

### B. Qualified Immunity

To state a claim under 42 U.S.C. § 1983, a plaintiff must (i) allege a violation of rights secured by the Constitution or laws of the United States, and (ii) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *James v. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008); *Leffall,* 28 F.3d at 525. However, public officials acting within the course and scope of their official duties are shielded from claims of civil liability—including claims brought under Section 1983—by qualified immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 815–19 (1982). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.* at 818. The doctrine of qualified immunity was created to balance the interest of compensating persons whose federally protected rights have been violated against the fear that personal liability might inhibit public officials in the discharge of their duties. *See Johnston v.*

_____

Defendants' Motion to Dismiss                                                                                    4

*City of Houston, Tex.*, 14 F.3d 1056, 1059 (5th Cir. 1994); *see also Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994).

Determining whether a government official is entitled to qualified immunity involves a two-part question of law: (i) would a constitutional right have been violated based on the facts alleged?, and (ii) was that right "clearly established?"[2]  *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991); *McClendon v. City of Columbia*, 305 F.3d 314, 322–23 (5th Cir. 2002) (en banc) (quoting *Saucier v. Katz*, 533 U.S. 194 (2001)); *see also Williams v. Kaufman Cnty.*, 352 F.3d 994, 1002 (5th Cir. 2003).  It is up to the sound discretion of the trial court to determine "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson v. Callahan*, 555 U.S. 223, 236–37 (2009). Ultimately, for an official to lose qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances."  *Pierce*, 117 F.3d at 882; *Stefanoff v. Hays County*, 154 F.3d 523, 525 (5th Cir. 1998).

Although qualified immunity is an affirmative defense, once it is raised, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.  *McClendon,* 305 F.3d at 323.  The plaintiff must respond with factual specificity and "fairly engage" the immunity defense.  *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  This standard requires more than conclusory

---

[2]"A right is clearly established when it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted"—not merely that the conduct was otherwise improper. *Ramirez v. Martinez,* 716 F.3d 369, 375 (5th Cir. 2013) (internal citations and quotations omitted); *see also Anderson v. Creighton*, 483 U.S. 635, 640 (1987); *Foster v. City of Lake Jackson*, 28 F.3d 425, 429 (5th Cir. 1994). Thus, the right must not only be clearly established in an abstract sense but in a more particularized sense, so that it is apparent to the official that his actions are unlawful in light of pre-existing law. *Anderson*, 483 U.S. at 640; *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997).

assertions. *See Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). The plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Additionally, where multiple defendants are alleged to have committed constitutional violations, the plaintiff must allege with specificity what *each* defendant did to commit those violations, and the court should analyze *each* claim of qualified immunity separately. *Babb*, 33 F.3d at 479; *see also Darden v. City of Fort Worth, Tex.*, 880 F.3d 722, 731 (5th Cir. 2018) ("In cases where the defendants have not acted in unison, qualified immunity claims should be addressed separately for each individual defendant.") (internal citations and quotations omitted). Because vicarious liability or *respondent superior* liability is impermissible under Section 1983, the plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also James*, 535 F.3d at 373 (to state a personal-capacity claim under Section 1983, a plaintiff must allege that the individual defendant was personally involved in the constitutional deprivation, or that their wrongful actions were causally connected to such a deprivation).

### III. ARGUMENT AND AUTHORITIES

#### A. No Constitutional Violation by Bruss or Schultz.

It is clear from Plaintiff's pleadings that it was Deputy Johnson and *not* Bruss or Schultz who signaled for the dog to apprehend Thomas. [Doc. 1, ¶¶1, 2] According to the pleadings, Bruss and Schultz stood by watching. *Id.* There is no allegation in Plaintiff's pleadings that it was Bruss or Schultz who caused Plaintiff's injuries. Plaintiff admits that Bruss was tasked with placing the driver of the vehicle in custody which was accomplished without any force. [Doc. 1, ¶36]

Plaintiff claims that Bruss and Schultz assisted Johnson by "pointing their guns at Mr. Thomas, taunting him and levying threats of their own." [Doc. 1, ¶51] However, it is clear from the video offered as part of Plaintiff's pleadings, that neither deputy is pointing their guns at Plaintiff after he is apprehended by the dog. *See* Doc. 1, Exh. 1 at approximately 19:28:15.[3] Bruss and Schultz have their arms down with their hands over their weapons that are in their holsters. *Id.* And the video evidence does not support the claim that Bruss and Schultz were taunting or threatening Plaintiff.  In any case, verbal abuse or harassment, standing alone, is not actionable under § 1983 as a violation of constitutional rights. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997) (citing *Bender v. Brumley,* 1 F.3d 271, 274 n. 4 (5th Cir.1993)).

**B.      No Failure to Intervene.**

Because Plaintiff cannot allege any personal action by Bruss or Schultz, he alleges they violated his rights for failing to intervene in the alleged excessive use of force by Johnson. [Doc. 1, ¶¶1,2] Plaintiff makes conclusory claims that Bruss and Schultz were aware that Deputy Johnson's use of force was excessive and unreasonable and that they failed to intervene. [Doc. 1, ¶¶51, 76]

To state a claim for failing to prevent another officer's violation of a constitutional right, Plaintiff must allege facts capable of establishing that the deputies (i) knew that Deputy Johnson was violating Plaintiff's constitutional rights, (ii) had a reasonable opportunity to prevent the violation, and (iii) chose not to act.  *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013), *cert. denied*, 527 U.S. 1087 (2014) (citing *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995)).

---

[3] Because Plaintiff attached the video evidence to his complaint, the court is entitled to consider it in ruling on the motion to dismiss and is not required to favor plaintiff's allegations over the video evidence. *Hartman  v. Walker*, 685 F. App'x 366, 368 (5th Cir. 2017).

Plaintiff's pleadings do not support the conclusory claim that Bruss and Schultz were aware that Johnson was violating Plaintiff's rights when he released his canine. First, Plaintiff claims that the deputies knew that he was not armed and alleges that Johnson confirmed this with the dispatcher. [Doc. 1, ¶19] However, the video evidence does not support Plaintiff's claim. The dispatcher tells Johnson that the *reportee* was armed but does not state the suspects were unarmed as Plaintiff claims. Doc. 1, Exh. 1 at approximately 19:20:31. Moreover, Bruss can be heard on the video informing the suspects that the deputies were told they had a gun and until they confirmed otherwise, they would be operating on the assumption that they were armed. Doc. 1, Exh. 1 at approximately 19:24:59. Plaintiff's claim that the deputies were aware that the suspects were unarmed is not substantiated. Because Plaintiff's conclusory allegations are contradicted by facts appearing in the exhibit attached to his complaint, the Court is not required to accept the allegations as true. *Bar Grp., LLC v. Bus. Intel. Advisors, Inc*., 215 F. Supp. 3d 524, 541 (S.D. Tex. 2017).

Second, while Plaintiff alleges that he was compliant, the video shows otherwise. In fact, the hand-selected still frames attached to Plaintiff's pleadings do not tell the entire story. The video reveals that the driver of the vehicle did not initially comply with the demands given by Johnson. Doc. 1, Exh. 1 at approximately 19:22:25 to 19:23:29. Deputy Johnson repeatedly asked the driver to stay in the car and keep his hands up. *Id.* After being given several opportunities to comply, the driver is told to walk towards Bruss. Doc. 1, Exh. 1 at approximately 19:24:08. At this time, Plaintiff begins walking towards Johnson while shouting, "kill me." *Id.* The driver is warned that if he does not do as Bruss says he will get bit by his dog. Doc. 1, Exh. 1 at approximately 19:24:30. The driver complies and gets placed in custody by Bruss. Doc. 1, Exh. 1 at approximately 19:26:30. After that time, Plaintiff is asked repeatedly to stand up but fails to comply with the deputies'

commands. Doc. 1, Exh. 1 at approximately 19:27:14. At this point, and after being on scene for approximately 6 minutes, Johnson releases his canine.

Plaintiff has not shown, under these facts, that Bruss and Schultz were aware that Johnson's use of force was clearly excessive and the excessiveness was unreasonable. In excessive-force claims, the reasonableness of an officer's conduct depends on the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). The Court is to adopt "the perspective of a reasonable officer on the scene, rather than [judge] with the 20/20 vision of hindsight." *Id.*

Even if Bruss and Schultz were on notice that Johnson's actions violated Plaintiff's constitutional rights, there are no facts pled by Plaintiff that show Bruss and Schultz had a reasonable opportunity to intervene. Bystander liability applies when an officer "knows that a fellow officer is violating an individual's constitutional rights" **and** has a "reasonable opportunity to prevent the harm.". *Whitley*, 726 F.3D at 646.

Here, the dog was under the direct control of Deputy Johnson and the video offered by Plaintiff plainly shows that Johnson was in control of the dog, not Bruss or Schultz. Simply put, Plaintiff does not allege that Bruss or Schultz had the ability to give any command to Johnson's dog or otherwise control Johnson's dog. Additionally, as stipulated by Plaintiff, the events took place in a time span of no more than 43 seconds. [Doc. 1, ¶47] Given the short time frame, Bruss and Schultz did not have a reasonable opportunity to intervene. *See e.g., Ballard v. Hedwig Vill. Police Dep't*, 2009 WL 2900737, at *10 (S.D. Tex. Sept. 2, 2009), *aff'd*, 408 F. App'x 844 (5th Cir. 2011).

_____

**C.**     **Bruss and Schultz are Entitled to Qualified Immunity.**

Even if Plaintiff could show that Johnson violated his Fourth Amendment rights, Bruss and Schultz would still be entitled to immunity because Plaintiff's bystander liability claim was not clearly established at the time. *White v. Calvert, No*. CV H-20-4029, 2021 WL 6112791, at *15 (S.D. Tex. Dec. 27, 2021). Plaintiff has not and cannot identify a case in the Fifth Circuit or other circuits that applies bystander liability in the context that Plaintiff attempts to apply it.

In *Harlow v. Fitzgerald,* the United States Supreme Court adopted the "objective reasonableness" test for determining whether a public official is entitled to qualified immunity. The Supreme Court explained that in those instances where there are only bare conclusory allegations, government officials should not be subjected "either to the costs of trial or to the burdens of broad-reaching discovery." *Harlow,* 457 U.S. at 818. The Supreme Court reaffirmed this holding in *Mitchell v. Forsyth,* 472 U.S. 511 (1985), wherein it held that denials of immunity are interlocutorily appealable in order to shield government officials from costs and risks of trial, including "such pretrial matters as discovery." *Id.* at 526. Furthermore, immunity questions should be resolved at the earliest possible stage of the litigation. *See id.* at 526; *Harlow,* 457 U.S. at 818; *see also Hunter v. Bryant,* 501 U.S. 224, 227, 228 (1991).

As a matter of pleading in a suit filed under 42 U.S.C. § 1983 against a public official in his individual capacity, a complaint that fails to allege sufficiently that the defendant public official reasonably should have known that his or her particular actions violated clearly established law should be dismissed. *See Brown v. Glossip,* 878 F.2d 871, 874 (5th Cir. 1989). A plaintiff must provide the trial court with sufficient material facts to allow the court to determine whether "no reasonable police officer could have misunderstood that [his or her] particular actions ... violated federal law." *Id.* at 874-75.

_____

Building on the framework established in *Harlow* and *Mitchell,* the Fifth Circuit in 1995 decided how § 1983 cases are to be handled where qualified immunity has been asserted. The procedure for handling such cases is set forth in *Schultea v. Wood,* which holds that the district court must insist that a plaintiff suing a public official under § 1983 file more than a short and plain statement of his or her complaint, a statement that rests upon more than mere conclusions alone. *See Schultea v. Wood,* 47 F.3d 1427 (5th Cir. 1995).

Plaintiff's mere conclusions that Bruss and Schultz violated his constitutional rights by not intervening are insufficient. Even where the court determines that the complaint sufficiently pleads the violation of a clearly established constitutional right, the court must nonetheless determine whether a reasonable public official could have decided that the alleged conduct was lawful, because a public official is entitled to qualified immunity if a "reasonable official would be left uncertain of the application of the standard to the facts confronting him." *Hopkins v. Stice,* 916 F.2d 1029, 1031 (5th Cir. 1990). And "if officers of reasonable competence could disagree on this issue, immunity should be recognized." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

Not only has Plaintiff failed to establish that his constitutional rights were violated by Bruss or Schultz, the facts as pled by Plaintiff do not establish that Bruss and Schultz acted unreasonably under the circumstances. As such, Bruss and Shultz are entitled to qualified immunity on Plaintiffs' claims.

## CONCLUSION AND PRAYER

For the foregoing reasons, Deputy Bruss and Sergeant Schultz respectfully request that this Court grant this motion and dismiss all claims against Defendants Bruss and Schultz with prejudice. Defendants Bruss and Schultz request such other and further relief to which they may be justly entitled.

---

Respectfully submitted,

**THOMPSON & HORTON LLP**

By: _____/s/ Celena Vinson_____
        Celena Vinson
        ATTORNEY-IN-CHARGE
        State Bar No. 24037651
        Southern District No. 2220428
        cvinson@thompsonhorton.com
    3200 Southwest Freeway, Suite 2000
    Houston, Texas 77027
    Telephone: (713) 554-6742
    Facsimile: (713) 583-5295

    ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

On May 26, 2023, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served counsel and/or pro se parties of record electronically using the CM/ECF filing system or by any other manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        /s/ Celena Vinson_____
        Celena Vinson

4860-6588-1958, v. 1