**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| KERRY LEE THOMAS,<br><br>                      Plaintiff,<br><br>v.<br><br>ROBERT JOHNSON,<br>ERIC M. BRUSS,<br>WAYNE SCHULTZ,<br>and THE ESTATE OF ROBERT JOHNSON,<br><br>                      Defendants. | Case No. 4:23-cv-00662 |

**PLAINTIFF KERRY LEE THOMAS'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY**

On June 28, 2023, Plaintiff Kerry Lee Thomas filed a Motion for Leave to File Surreply ("Motion for Leave", ECF No. 18) to respond to new arguments, authorities, and factual assertions made for the first time by Defendants Eric Bruss and Wayne Schultz ("Defendants") in their Reply (ECF No. 17) to Mr. Thomas's Response in Opposition to their Motion to Dismiss (ECF No. 16). On June 30, 2023, Defendants filed a Response in Opposition to Mr. Thomas's Motion for Leave ("Response", ECF No. 19). Mr. Thomas now files this Reply in Support of his Motion for Leave.

Raising new arguments for the first time in a reply brief is improper and therefore presumed rare. *Weems v. Hodnett*, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011). Thus, surreplies are generally disfavored. *Id.* When, however, the movant raises novel arguments and authorities in a reply, courts may, in their "sound discretion" grant leave for further briefing so that the nonmoving party may address them. *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F. Supp. 3d 562, 570

1

(W.D. Tex. 2019). Thus, "in seeking leave to file a surreply brief, a party must identify the new issues, theories, or arguments which the movant raised for the first time in its reply brief." *Id.* at 571. Mr. Thomas has done just that.

In their Response, Defendants characterize Mr. Thomas's Motion for Leave as a "vague and insincere" attempt to "have the last word." Resp. at 1. They contend that Mr. Thomas has failed to identify any new issues, evidence, or legal theories warranting a surreply. *Id.* On the contrary, in his Motion for Leave and proposed surreply ("Mot'n for Leave Ex. 1", ECF No. 18-1), Mr. Thomas identifies with specificity a number of new arguments and factual assertions that Defendants did not make in their Motion to Dismiss. For instance, Mr. Thomas points out that Defendants' Reply makes "new and factually incorrect statements about both Mr. Thomas's allegations and the video footage" not raised in Defendants' Motion to Dismiss. Mot'n for Leave at 2 (citing Reply at 3–4); Mot'n for Leave Ex. 1 at 4 n.2 (explaining that Defendants' Motion to Dismiss asserted that Rapheal Gray "did not initially comply" with Johnson's commands, but that it was not until Defendants' Reply that Defendants made this same assertion about Mr. Thomas); *id.* at 5 (noting that Defendants assert for the first time on Reply that "Johnson repeatedly asked Thomas and the driver to stay in their vehicle").

Similarly, as Mr. Thomas explains in his Motion for Leave, Defendants argue for the first time on Reply that the video evidence "utterly discredit[s]" a number of Mr. Thomas's allegations. Mot'n for Leave at 2. Defendants failed to contest many of these allegations in their Motion to Dismiss. *Id.* For those allegations they did initially contest, Defendants argued only that the "video evidence does not support" or "substantiate[]" them. *Id.* Only after Mr. Thomas referenced the

2

correct legal standard, did Defendants argue that video "utterly discredit[s]" his allegations.[1] New factual assertions and arguments about the controlling legal standard have no place in a reply. *Weems*, 2011 WL 2731263, at *1. When they so appear, they warrant a surreply. *Id.*

This is precisely the sort of improper sandbagging that courts seek to deter, in part *because* it calls for additional briefing. *See Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010). Accordingly, "[a]rguments raised for the first time in a reply brief are generally waived, thereby "reduc[ing] a need for a surreply." *Mission Toxicology, LLC v. Unitedhealthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020) (citing *Jones*, 600 F.3d at 541). However, rather than "summarily deny or exclude all arguments and issues first raised in reply briefs," the Court may, in its discretion, grant leave to file a surreply "on a showing of good cause." *Id.* (internal quotation marks omitted). Mr. Thomas has shown ample good cause.

Finally, as summarized in Mr. Thomas's Motion for Leave and proposed surreply, Defendants raised a number of new legal arguments and cited to previously uncited legal authorities for the first time on Reply. Mot'n for Leave at 2; *e.g.*, Mot'n for Leave Ex. 1 at 8 (rebutting Defendants' newfound analogies to *Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020) and *Deshotels v. Marshall*, 454 F. App'x 262, 267 (5th Cir. 2011)). This, too, is grounds for granting leave to file a surreply. *See* Mot'n for Leave at 1–2 (citing *Salomon v. Wells Fargo Bank*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *2 (W.D. Tex. June 21, 2010); *Duarte v. St. Paul Fire &*

---

[1] Defendants insist that they "took the standard put forth by Plaintiff in his Response and argued that they meet his heightened standard of 'utterly discredit.'" Resp. at 4. But the standard is neither "his" nor "heightened." It is the Fifth Circuit's standard, which has been repeatedly re-affirmed. *See* ECF No. 16 at 11 (citing *Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020) and *Aguirre v. City of San Antonio*, 995 F.3d 395, 411 (5th Cir. 2021), which hold that a court may reject the plaintiff's version of the facts at the pleading stage only if a video or other exhibit to the complaint "utterly discredit[s]" the plaintiff's allegations).

*Marine Ins. Co.*, No. EP-L4-CV-305-KC, 2015 WL 12910213, at *1 (W.D. Tex. Aug. 28, 2015)). *See also Salomon*, 2010 WL 2545593, at *2 (holding that because the nonmoving party sought to respond to "a case cited for the first time in [the movant's] Reply," there was "adequate justification for its Sur-Reply").

### CONCLUSION

WHEREFORE, for the foregoing reasons, as well as those set forth in his Motion for Leave and proposed surreply, Plaintiff Kerry Lee Thomas respectfully requests that this Court grant him leave to file his proposed surreply.

Respectfully submitted this 7th day of July, 2023,

/s/ Shirley LaVarco
Shirley LaVarco (*pro hac vice*)*
shirley@civilrightscorps.org
Brittany Francis (*pro hac vice*)†
brittany@civilrightscorps.org
Jeffrey D. Stein (Texas Bar No. 24124197; S.D. Tex. Bar No. 3600520)‡
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Telephone: (202) 844-4975
* Admitted to practice in the District of Columbia (Bar No. 90005167).
† Admitted to practice in New York (Bar No. 5337555) and the District of Columbia (Bar No. 90008960)
‡ Attorney-in-Charge.

4

## CERTIFICATE OF SERVICE

I certify that on July 7, 2023, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

> /s/ Jeffrey D. Stein
> Jeffrey D. Stein