United States District Court
Southern District of Texas
**ENTERED**
November 06, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KERRY LEE THOMAS, | § | |
| *Plaintiff*, | § | |
| | § | |
| V. | § | Civil Action No. 4:23-cv-00662 |
| | § | |
| ROBERT JOHNSON, | § | |
| ERIC M. BRUSS, | § | |
| WAYNE SCHULTZ, | § | |
| And THE ESTATE OF ROBERT JOHNSON | § | |
| *Defendants*. | | |

# PROTECTIVE ORDER

1. This Order ("Protective Order") is made in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

2. This Protective Order applies to any document, record, information, or other tangible or intangible thing (collectively "documents" or "materials") furnished by any party to any other party, that contains Confidential Information, as defined in Paragraph 3. This Protective Order also applies to documents obtained via subpoena from a third party and copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents. "Document," as used in this Protective Order, means any information recorded in any way, including, but not limited to, handwriting, print, computer media, video or audio tape, film, microfilm, and microfiche. The information protected may include, but is not limited to, answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced. The least possible portion of any document shall be designated as confidential.

3. **Definition of "Confidential Information."** "Confidential Information" refers to records that contain or constitute: (i) protected health information ("PHI") regarding the Plaintiff; (ii) personal information that is protected by statute or otherwise required by law to be kept confidential, provided the statute or law is identified with production; and/or (iii) sensitive and personal information, ("SPI") as defined in Paragraph 4 of this Protective Order.

4. **Definition of "Sensitive and Personal Information."** "Sensitive and Personal Information" ("SPI") refers to bank account numbers, credit card numbers, financial account numbers, birthdates, home addresses, driver's license numbers, social security numbers, tax ID numbers, and other information of a similarly sensitive and personal nature. As reflected in the preceding paragraph, SPI falls within the definition of Confidential Information for the purposes of this Protective Order.

5. **Definition of "Protected Health Information."** For the purposes of this Protective Order, Protected Health Information ("PHI") shall include, without limitation, all information within the scope and definition as set forth in 45 CFR 160.103 and 164.501 and all information within the scope and definition of mental health records as set forth in Tex. Health & Safety Code T. 7, Subt. E, Ch. 611. Without limiting the generality of the foregoing, PHI includes, but is not limited to, health information, mental health information, and drug and alcohol treatment/rehabilitation information, including demographic information, relating to (a) the past, present or future physical or mental health condition of an individual; (b) the provision of care or treatment to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual, or which identifies the mental health services or which reasonably could be expected to identify the mental health services. Nothing in this Protective Order authorizes any Party or counsel to obtain PHI through means other than formal discovery requests, subpoenas,

depositions, pursuant to a knowing and voluntary patient authorization through counsel, or through attorney-client communications or information protected by the work product doctrine.

  6. **Designation of Confidential Information.** Any party to this action or other person or entity, including any third party, who produces or supplies documents in connection with this action (hereinafter the "Designating Party" or the "Producing Party") may designate documents or portions of documents "Confidential" if it reasonably and in good faith believes the designated portions thereof constitute or contain information that falls within the definition of Confidential Information outlined in Paragraph 3 of this Protective Order. With the exception of Sensitive and Personal Information ("SPI") as defined in Paragraph 4 of this Protective Order, a Designating Party shall not designate information as "Confidential" without contemporaneously identifying the basis under which they it is protectable. A Designating Party shall not routinely designate documents or portions thereof as "Confidential" without a reasonable inquiry to determine whether it qualifies for such a designation. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated, a legend that in substance states: "**CONFIDENTIAL**." Only those portions containing the Confidential Information shall be deemed "Confidential." Any identification of documents or material as confidential shall not obscure any portion of the documents or material so designated unless the information qualifies as SPI as defined in paragraph 4. The designation "Confidential," and the restrictions which accompany such a designation under this Protective Order, shall not apply to information or material that (i) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order; (ii) is acquired by the non-designating party from a third party having the right to disclose such information or material; or (iii) was lawfully possessed by the non-designating party before the date of this Protective Order.

7. **Depositions and Other Pretrial Testimony.** Depositions and other pretrial testimony taken in discovery may be designated Confidential by indicating that fact on the record at the deposition or by written notice, sent by counsel to all Parties within ten (10) business days after receiving a copy of the transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any information designated as Confidential. Once a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, then any portion of deposition transcript in which Confidential Information is discussed, and any Confidential Information, documents, or materials that are marked as exhibits, shall be treated as documents designated as Confidential. The least possible portion of a deposition and/or exhibits to a deposition shall be designated as Confidential.

8. **Confidential Electronically-Stored Information ("ESI").** With respect to any documents or materials designated as Confidential that are not produced in paper form (including electronically-stored information, and other non-paper methods) and that are not susceptible to the imprinting of a stamp signifying its confidential nature, the Producing Party shall, to the extent practicable, produce such documents or materials with a cover labeled Confidential and shall inform all counsel in writing of the Confidential designation of such documents at the time such documents are produced. Documents designated as Confidential produced on compact discs, magnetic or electronic media, and other non-paper methods shall immediately be marked with the appropriate Confidential stamp prior to distributing such material unless such a stamp cannot be made. ESI containing sensitive and personal information ("SPI") shall be treated as Confidential upon designation by the Producing Party. However, only those portions of the ESI containing the Confidential Information shall be deemed Confidential. The provisions of this paragraph only apply

to documents or material produced on compact discs, magnetic or electronic media, and other non-paper methods.

9. **Duty to Preserve Confidentiality.** Confidential Information shall not be disclosed to any person except in conformity with this Protective Order. Confidential Information shall not be used for any purpose other than prosecuting or defending this action including any appeals of this case, unless and until such designation is removed by order of this Court. It is the responsibility of counsel for each party to maintain materials containing Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as are permitted under this Protective Order.

10. **Binding Nature of Agreement.** The Parties agree to be bound by the terms of this Protective Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

11. **Effective Date of Protective Order.** The provisions of this Protective Order shall become effective upon entry by the Court; however all documents produced and designated as Confidential in the manner prescribed herein prior to the effective date of this Protective Order shall be subject to, and governed by, its provisions as though entered by the Court.

12. **Objections to Documents and Materials Designated Confidential.** Any party may, at any time after production of material designated "Confidential" under this Protective Order, object to its designation by notifying the Designating Party in writing of that objection and specifying the designated material to which the objection is made. A failure to object at the time of receipt, disclosure, or designation thereof, shall not preclude a subsequent objection thereto. The Parties shall, within seven (7) days of service of the written objections, confer concerning the objection. If the objection is not resolved, the objecting party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material. The burden of proving the

confidentiality of designated information remains with the Party asserting confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. If a motion is filed, information subject to dispute shall be treated consistently with its designation until the designating Party agrees otherwise, or until further order of the Court—whichever comes first. With respect to any material which ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation.

13. **Non-Waiver of Confidentiality.** Inadvertent failure to designate any information pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently designated documents, the destruction of all electronically stored copies thereof, and for the substitution, where appropriate, of properly labeled copies within 72 hours. In the case of the inadvertent failure to designate information that obviously qualifies as Plaintiff's PHI pursuant to paragraph 5 of this Order as Confidential Information, the receiving Party will notify the Producing Party promptly upon realization of the inadvertent failure to designate as such, and treat such PHI as Confidential Information unless and until the Producing Party has an opportunity to respond regarding whether or not the information should be treated as Confidential or the Court orders that the material is not Confidential.

14. **Inadvertent Production.** In the case of inadvertently produced privileged documents, work product documents or other documents where a Party would otherwise be entitled to withhold production, upon request of the Party or upon realization by the receiving Party that such documents were inadvertently produced, the documents together with all copies thereof (electronic or otherwise) and any notes made therefrom shall be promptly returned to the Party claiming privilege

or work product immunity. Such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Party would otherwise be entitled, provided that, promptly after discovering that the information was inadvertently produced, the Party requests in writing (a "Return Request") that the other Party return all documents as to which the claim of inadvertent production has been made and destroy all copies of other material derived therefrom. All documents covered by a Return Request shall be returned or destroyed as requested within ten (10) days of receipt of the Return Request and shall not be used during such time except as to comply with the Return Request. If a party objects to the Return Request, that party must file a motion challenging the protected status of the documents. Any party so objecting shall not use the documents covered by the Return Request for any purpose other than for such a motion pending the resolution of the issue. No such motion will challenge the protected status of such documents on the ground that it was produced in this litigation. Any documents submitted in support of such a motion must be filed under seal.

15. **Non-Waiver of Objections.** Nothing in this Protective Order shall be deemed a waiver of the right of any Party to object to a request for discovery (including questions posed at depositions) based on relevance, materiality, privilege, or any other valid objection.

16. **Disclosure and Use of Confidential Information.**

*Disclosure to Parties, Counsel, and Experts.* Copies of "Confidential Information" may be disclosed only to the following individuals, provided that such individuals are informed of and agree to the terms of this Protective Order: (a) the receiving party, if a natural person; (b) if the receiving party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case; (c) counsel for the receiving party and their support personnel, including secretaries, paralegals, associates, and photocopying personnel, when it is necessary that the support personnel have access to the material for purposes of this litigation; (d) experts or consultants;

and (e) persons requested by counsel to furnish litigation services such as document coding, image scanning, court reporting services, demonstrative exhibit preparation, or creating computer databases.

*Use at Depositions.* This Protective Order does not preclude counsel for the parties from questioning witnesses about information contained in the documents that are subject to this Protective Order; however, prior to disclosing such information to any witness, counsel must first inform the individual that the information is confidential and is subject to this Protective Order. Counsel shall provide a copy of this Protective Order to the witness and shall secure the witness's agreement on the record to comply with the terms of this Protective Order.

*Court Filings.* If a party desires to file Confidential Information in support of motions, pleadings, or other proceedings in this action, the party shall file the document under seal. If the Confidential Information consists of information that can be readily redacted (*e.g.*, social security number, birthdate, or home address), the party may file a copy of the record that redacts the Confidential Information.

*Use by the Court.* This Protective Order does not restrict the Court's ability to consider Confidential Information in rendering any order or judgment in this case.

*Subpoenas.* If another court or administrative agency subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Protective Order such a party shall, if there are fewer than ten (10) days to comply, within two (2) business days, or if more than ten (10) days, at least seven (7) business days after receipt of the subpoena or order, notify the Designating Party of the pendency of the subpoena or order in writing, and shall not produce the Confidential Information until the Designating Party has had reasonable time to take appropriate steps to protect the documents or material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance and, to give the Designating Party an opportunity

to obtain such relief, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order or any extensions granted thereto.

17. **Conclusion of Litigation.** Within 60 days after final judgment in this action as to any Defendant, which shall be defined as the point at which final orders disposing of the entire case as to any Defendant have been entered or the time at which all trial and appellate proceedings have been exhausted as to any Defendant, or within 60 days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all Confidential Information and to certify to the producing party that this destruction or return has been done. However, counsel for any party is entitled to retain all court papers, transcripts, exhibits, and any attorney work product provided that any such materials are maintained and protected in accordance with this Protective Order.

18. **Relief from Protective Order.** Any party may petition the Court if the party desires relief from a term or condition of this Protective Order.

19. The provision of this Protective Order regarding the use and/or disclosure of Confidential Information shall survive the termination of this action.

Signed this ___6th___ day of ___November___, 2023.

*Lee H. Rosenthal*

HON. LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE

4874-6719-8600, v. 1