# EXHIBIT D

Preservation Notice & Accompanying Correspondence



Shirley LaVarco <shirley@civilrightscorps.org>

## Preservation Notice—Thomas v. Johnson, et al. No. 4:23-cv-00662 (S.D. Tex.)

**Hedge, Laura (CAO)** <Laura.Hedge@harriscountytx.gov>   Mon, Jul 17, 2023 at 3:35 PM
To: Shirley LaVarco <shirley@civilrightscorps.org>
Cc: Celena Vinson <cvinson@thompsonhorton.com>, Linda Price <lprice@thompsonhorton.com>, Brittany Francis <brittany@civilrightscorps.org>, Jeff Stein <jeff@civilrightscorps.org>, Priyanka Shetty <priyanka@civilrightscorps.org>, Cassidy Kristal-Cohen <cassidy@civilrightscorps.org>

Hi Shirley, thank you for your email.  Laura



**Laura Beckman Hedge**
Director, Defensive Litigation Division

Email: Laura.Hedge@harriscountytx.gov

Phone: (713) 274-5137

Cell: (346) 354-7462

**Office of the Harris County Attorney**

**Christian D. Menefee**

1019 Congress

Houston, Texas 77002

www.cao.harriscountytx.gov

*CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT*: Emails and attachments received from the Office of the Harris County Attorney may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email; and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.

---

**From:** Shirley LaVarco <shirley@civilrightscorps.org>
**Sent:** Monday, July 17, 2023 1:27 PM
**To:** Hedge, Laura (CAO) <Laura.Hedge@harriscountytx.gov>
**Cc:** Celena Vinson <cvinson@thompsonhorton.com>; Linda Price <lprice@thompsonhorton.com>; Brittany Francis <brittany@civilrightscorps.org>; Jeff Stein <jeff@civilrightscorps.org>; Priyanka Shetty <priyanka@civilrightscorps.org>; Cassidy Kristal-Cohen <cassidy@civilrightscorps.org>
**Subject:** Preservation Notice—Thomas v. Johnson, et al. No. 4:23-cv-00662 (S.D. Tex.)

Hello Laura,

I sent the attached letter to Stan Clark on Friday, notifying him of the ongoing duty to preserve all information and materials that may be relevant to Thomas v. Johnson, et al. No. 4:23-cv-00662 (S.D. Tex.). I got a bounceback message notifying me that Stan is no longer with the HCAO and that I should contact you in his stead.

I assume Stan implemented all appropriate holds when we first contacted him about the lawsuit in February, however I am sending the attached notice in an abundance of caution.

I've copied Celena Vinson, as she represents two of the three named officers, all of whom are current or former employees of the Harris County Constable's Office. At least one of the named officers was also previously employed by the Harris County Sheriff's Office.

Please don't hesitate to reach out with any questions. If you are not the correct recipient of this notice, please let me know who is.

Thank you,

Shirley

**Shirley LaVarco** | Attorney

*she/her/hers*

(202) 932-1270

**Civil Rights Corps**

1601 Connecticut Avenue NW, Suite 800

Washington, D.C. 20009

**Admitted to practice in the District of Columbia.**

Notice:

The contents of this email and any attachments to it contain confidential or legally privileged information from Civil Rights Corps. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the comments of the contained information is strictly prohibited and that the documents should be returned to this firm immediately. If you have received this email in error, please notify us by email immediately.



**image001.png**
41K

July 14, 2023

Sent via email to Stan.Clark@harriscountytx.gov
cc: cvinson@thompsonhorton.com

Stan Clark
Harris County Attorney's Office
1019 Congress Street, 15th Floor
Houston, Texas 77002

cc:
Celena Vinson
Thompson & Horton LLP
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027

**Re:  Notice to Preserve Evidence—Thomas v. Johnson, et al. No. 4:23-cv-00662 (S.D. Tex.)**

Mr. Clark,

As you know, on February 22, 2023, Civil Rights Corps (CRC) filed a federal civil rights lawsuit on behalf of Mr. Kerry Lee Thomas in the Southern District of Texas—Thomas v. Johnson, et al. No. 4:23-cv-00662—against Robert Johnson, Eric M. Bruss, and Wayne Schultz (collectively, "Defendants"), three officers of the Harris County Constable's Office. The lawsuit alleges that Defendants violated Mr. Thomas's Fourth and Fourteenth Amendment rights when they unleashed an attack dog on him as he lay prone on the ground with his arms outstretched.

The duty to preserve evidence arises when a party "has notice that the evidence is relevant to litigation or . . . should have known that the evidence may be relevant to future litigation." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010). The obligation to preserve evidence extends to third parties with an interest in the case.[1] As Defendants' employers (or, in the case of Defendant Robert Johnson, Defendant's former employer), Harris County ("County") and the Harris County Constable's Office ("Constable's Office") have an

---

[1] *See, e.g.*, *Woods v. Scissons*, No. CV-17-08038, 2019 WL 3816727, at *4 (D. Ariz. Aug. 14, 2019) (holding that the City of Prescott, as a non-party to excessive force claims arising out of plaintiff's arrest, had a duty to preserve its officers' dash cam footage ); *Pettit v Smith*, 45 F. Supp. 3d 1099, 1106 (D. Ariz. 2014) (holding that non-party correctional department had a duty to preserve evidence in prisoner's excessive force case because it was "responsible for Defendants' training and conduct, and it had complete control over the relevant evidence in this case and over Plaintiff's ability to access that evidence and Defendants' ability to preserve it").

1

ongoing duty to preserve evidence that may be relevant to Mr. Thomas' pending civil rights case, as well as evidence that may be relevant to future related litigation. The County and/or the Constable's Office possess relevant video footage, audio recordings, written documentation, emails, text messages, phone records, and other potential evidence that it is obligated to preserve. Evidence in the possession or control of the County and/or the Constable's Office that may be relevant to Mr. Thomas's pending litigation includes but is not limited to:

- Documentation and materials (including, but not limited to, video footage, radio broadcasts, and other recordings) related to Defendants' encounter(s) with Mr. Thomas, including any such documentation and materials shared with, possessed, or controlled by any law enforcement agency or other agencies of Harris County, the State of Texas, and/or the City of Houston;
- Emails, text messages, instant messages, phone records, and other communications and records thereof regarding Defendants' encounter(s) with Mr. Thomas, including, but not limited to, all communications from, to, or regarding Defendants, or any other persons or entities involved in or present at the scene of their encounter(s) with Mr. Thomas, as well as all communications with any law enforcement agency or other agencies of Harris County, the State of Texas, and/or the City of Houston;
- Materials and information related to the job performance of Defendants, or of any other person or entity involved in or present at the scene of Defendants' encounter(s) with Mr. Thomas, including, but not limited to, officers or employees of Harris County and the Harris County Constable's Office;
- Materials and information related to internal or external disciplinary investigations involving Defendants or of any other person or entity involved in or present at the scene of Defendants' encounter(s) with Mr. Thomas; and
- Any other potentially relevant information, records, and materials.

We request that the County and the Constable's Office abide by their duty not to destroy, erase, encrypt, alter, obscure, or otherwise make unavailable any documents and/or evidence, including electronically stored information that is even potentially relevant to this litigation and, accordingly, impose a litigation hold to preserve such information and materials.[2] If you have reason to believe that any information that may be relevant to this litigation has already been made unavailable, please promptly inform us of that fact.

---

[2] "If a party with a duty to preserve evidence fails to do so and acts with culpability, a court may impose appropriate sanctions. . . . The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *In re Enron Corp. Sec., Derivative & Erisa Litig.*, 762 F. Supp. 2d 942, 963 (S.D. Tex. 2010) (internal citations omitted). "The failure to preserve electronic or other records, once the duty to do so has been triggered, raises the issue of spoliation of evidence and its consequences." *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 100 (D. Md. 2003).

3

Please do not hesitate to contact us with any questions or concerns.

Sincerely,

/s/ Shirley LaVarco
Shirley LaVarco
shirley@civilrightscorps.org
Brittany Francis
brittany@civilrightscorps.org
Jeffrey D. Stein
jeff@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Telephone: (202) 844-4975
Counsel for Plaintiff Kerry Lee Thomas