# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| KERRY LEE THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> ERIC M. BRUSS, <br> WAYNE SCHULTZ, <br> and KEITH MORRIS, in his capacity as Temporary Dependent Administrator of the Estate of Robert Johnson, <br><br> Defendants. | Case No. 4:23-cv-00662 |

**[AMENDED PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION, IMPOSE SANCTIONS, AND AWARD ATTORNEYS' FEES [Doc. 49]**

Having considered Plaintiff's Motion (ECF No. 49) and Memoranda in Support (ECF Nos. 49, 58) and finding good cause therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production, Impose Sanctions, and Award Attorneys' Fees, filed March 19, 2024, is **GRANTED.**

**IT IS THEREFORE ORDERED** that:

1. Defendants shall produce all of the following records within 10 days or, in the alternative, produce a detailed affidavit explaining why these records cannot be produced and whether they were destroyed or lost during the pendency of this lawsuit:

    a. All records of any internal affairs investigation, formal or informal, into the February 22, 2021, incident giving rise to this litigation, including, but not limited, records of any such investigation conducted by Eric Greenwood.
    b. All records pertaining to K-9 Jeck that Defendants have not yet produced, including, but not limited to, records relating to: Jeck's acquisition by Precinct 1; Jeck's veterinary and performance records; Jeck's assignment to Defendant

1

      Bruss's care following Robert Johnson's death; and incidents of unprovoked aggression by K-9 Jeck.

   c. All emails, text messages, WhatsApp messages, and other electronic communications responsive to any of Plaintiff's discovery requests, including, but not limited to, communications responsive to RFP Nos. 4, 12, 14, and 18. Responsive communications may include, but are not limited to, those sent by or to the following persons or entities and/or representatives thereof: Wayne Schultz, Eric M. Bruss, Robert Johnson, Alan Rosen, Carl Shaw, Lofton Harrison, James Moncrief, Scott Boyce, Eric Greenwood, Jeff McShan, Asli Tuzun, Emilio Ontiveros-Rivera, Nathaniel Vital, K9s for Cops, and K9 Mission Rescue.

   d. Authenticated logs of Defendants' phone calls and text messages between February 22, 2021, and the date of the Court's order that they be produced, from any and all phone numbers presently or previously in use by Defendants during that time period.

   e. All documents responsive to RFP No. 25, including, but not limited to those concerning: the payment or potential payment of a settlement award on Defendants' behalf; the payment or potential payment of attorneys' fees or other legal fees on Defendants' behalf; and liability insurance held by Harris County or Precinct 1 that covers County employees and/or former employees.

   f. A list of all Facebook groups related to law enforcement of which Defendant Bruss is a member or was a member at any time since February 2019 (two years prior to the date of the K-9 attack at issue).

   g. All Facebook posts and comments made by Defendant Bruss concerning the use of K-9s for law enforcement purposes, as well as any posts which Defendant Bruss "liked" or otherwise engaged with that make light of or otherwise comment on injuries suffered by civilians or suspects during K-9 apprehensions.

2. On or before _____, Defendants shall submit to a forensic search of their cell phones and other electronic devices, at their own expense, to uncover lost and deleted text messages and other digital information responsive to Plaintiff's discovery requests or otherwise relevant to this litigation.

3. On or before _____, Defendants' Counsel shall:

   a. Confer with Plaintiff's counsel to craft appropriate search terms and protocols and, if they cannot agree on such terms and protocols, seek a ruling thereon;

   b. Make use of the resources available to her pursuant to her contract with Harris County, and make the other reasonable inquiries required by Rule 26(g)(3), to conduct a thorough search for and produce *all* records responsive to Plaintiff's

2

   discovery requests and the Court's instant order;

  c. Bring all of Defendants prior document productions into compliance with the Court's ESI Order and ensure that all future productions comply with the Order as well;

  d. Make Defendants available for follow-on depositions by Plaintiff's Counsel, at their own expense, so that Plaintiff can question them about matters relevant to documents they should have disclosed previously; and

  e. Refrain from improperly influencing Defendants or other witnesses during future depositions.

4. Fact discovery is closed as to Defendants, save for deposition(s) Defendants have already noticed and written discovery requests that Defendants have already served prior to the date of Plaintiff's Supplemental Memorandum (ECF No. 58).

5. Fact discovery shall remain open as to Plaintiff, such that Plaintiff may serve additional discovery requests up until 21 days after Defendants have complied with the instant order, to ensure Plaintiff is not further prejudiced by Defendants' discovery misconduct and to allow Plaintiff adequate time to review said documents, craft follow-up requests, and notice depositions.

6. The Parties shall submit a proposed amended scheduling order after Defendants have come into compliance with the instant order;

7. Plaintiff's Counsel shall submit a petition for fees associated with litigating Plaintiff's Motion to Compel, and with bringing Defendants into compliance with their discovery obligations.

*Defendants are warned that failure to comply with this Order may result in further sanctions as set forth in Fed. R. Civ. P. 37(b)(2)(A).*

  **IT IS SO ORDERED.**

Signed on _____, in Houston, Texas

                     _____
                        **Hon. Lee H. Rosenthal**
                        United States District Judge