# EXHIBIT iii

Defendant's Deficiency Letter



Houston
Dallas
Austin

Celena Vinson
Counsel

(713) 554-6742 Office
cvinson@thompsonhorton.com

Thompson & Horton LLP
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas
77027-7554

January 3, 2024

***Via Electronic Mail***
Shirley LaVarco
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Telephone: (202) 844-4975

> RE:   Cause No. 4:23–cv–00662, *Kerry Lee Thomas v. Robert Johnson, et al.*, In the United States District Court for the Southern District of Texas

Dear Counsel,

This letter relates to your responses to Defendants, Wayne Schultz and Eric Bruss, discovery requests. We are in receipt of Mr. Thomas' discovery responses sent on October 18, 2023 and November 2, 2023. Also, on December 6, 2023, you produced to Defendants documents which you stated were "Mr. Thomas's 3d Amended Responses to Schultz's 1st RFPs." With that production, you did not provide any written responses or objections; therefore, we are unsure which Requests these documents relate to. Please revise your responses and indicate which requests the bate stamped documents respond to in compliance with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure.

To date, you have produced two categories of documents in response to Defendants' forty Requests for Production: (1) emails between Mr. Thomas' legal counsel and the media and (2) medical records. The attached chart outlines where you have either asserted an improper objection or have not produced any documents. Additionally, many of Mr. Thomas' responses include the following objection:

> Mr. Thomas objects to the disclosure of documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1). Defendants therefore have equal or superior access to the requested documents.

Rather than listing every response which impermissibly objects to the production of documents or other things in the possession, custody, or control of Harris County Constable's Office, Precinct 1,

Defendants assert that responses containing this objection are improper. Harris County Constable's Office, Precinct 1 is not a party to this lawsuit. If Plaintiff has documents from or communications with Harris County Constable's Office, Precinct 1 or any other law enforcement agency which are responsive to Defendants' Requests, Plaintiff must produce those documents and communications. Even if Harris County Constable's Office, Precinct 1 were a party to this lawsuit, Plaintiff's "equal or superior access" objection is improper. *See Apollo MedFlight, LLC v. BlueCross BlueShield of Texas*, No. 2:18-CV-166-Z-BR, 2020 WL 520608, at *10 (N.D. Tex. Jan. 13, 2020); *see also Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 508 (N.D. Tex. 2016). Plaintiff cannot skirt his responsibility to produce responsive documents and information to Defendants by simply declaring that Defendants have access to the documents requested. *Id*.

In addition to the above issues with Plaintiff's responses and objections, Defendants assert the following discrepancies and deficiencies with respect to Plaintiff's discovery responses and request that Plaintiff promptly amend and supplement his responses.

Sincerely,

*/s/Celena Vinson*
Celena Vinson

Additional Responses to Plaintiff's Objections:

| Defendants' Request for Production | Plaintiff's Responses and Objections | Defendants' Responses to Plaintiff's Objections |
|---|---|---|
| **RFP No. 1:** All documents and communications supporting (or refuting) any contentions you are making in this Lawsuit. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects that this request is vague, unduly burdensome, and not proportional to the needs of the case. Fed. R. Civ. Pro. 26(b). Moreover, Mr. Thomas objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Defendant Schultz has failed to demonstrate a substantial need for such attorney work product and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>In addition, Mr. Thomas objects to the disclosure of documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1). Defendants therefore have equal or superior access to the requested documents. | Plaintiff's response raises objections without indicating whether any responsive documents are being withheld based on these objections as is required by the federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").<br><br>Plaintiff's objection that Defendants' request is not proportional to the needs of this case is absurd. This request is limited to documents and communications related to Plaintiff's claims in the present lawsuit. Therefore, this request is not vague, unduly burdensome, or unproportional to the needs of this case. Rather, it is directly related to and |

| | | proportional to the needs of this case. Defendants seek relevant documents that support or refute Plaintiff's asserted claims.<br><br>Please amend your response and supplement your production accordingly. |
|---|---|---|
| **RFP No. 4:** All documents and communications supporting (or refuting) any contentions you are making in this Lawsuit. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas also construes this request not to seek the disclosure of attorney work product prepared in anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>Mr. Thomas objects to the request that he disclose other responsive documents and communications that are already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1). | Plaintiff's response raises objections without indicating whether any responsive documents are being withheld based on these objections as is required by the federal Rules of Civil Procedure. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). |
| **RFP No. 5:** All video recordings, audio recordings, photographs, and social media posts you reviewed or relied on to make the factual allegations in the Complaint. | Mr. Thomas construes this request not to seek any materials that have been previously produced during this ligation. Mr. Thomas objects to the request that he disclose any video recordings, audio recordings, or photographs that he reviewed or relied on because they are already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1). Moreover, any social media | Plaintiff's response raises objections without indicating whether any responsive documents are being withheld based on these objections as is required by the federal Rules of Civil Procedure. |

|  | posts reviewed or relied on to make the factual allegations in the Complaint are publicly available and are referenced and linked to in the Complaint itself. See Complaint ¶ 2 n.4; ¶ 51 n.42. Defendant Schultz therefore has equal access to them. | Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). <br><br> Social media posts reviewed or relied by Plaintiff must be produced. Plaintiff's objection that responsive information is publicly available is irrelevant and improper. Defendants have requested production of the documents and information. Plaintiff cannot withhold responsive documents because they may be findable by Defendants somewhere on the internet. |
|---|---|---|
| **RFP No. 6:** All edited, enhanced, or otherwise modified or manipulated versions of any video recordings, audio recordings, photographs, and social media posts reviewed or relied on to make the factual allegations in the Complaint. | Mr. Thomas objects to the request for "[a]ll edited [or] enhanced . . . video recordings, audio recordings, [and] photographs" because it seeks the disclosure of attorney work product prepared in anticipation of litigation or for trial. Defendant Schultz has failed to demonstrate a substantial need for such attorney work product and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship. <br><br> Mr. Thomas is not aware of any responsive social media posts in his possession, beyond those that are referenced in the Complaint, which are publicly accessible and linked to in the | Plaintiff referenced and included edited, manipulated, or otherwise doctored versions of videos and photographs in his original complaint; thus, his objection that the requested information is privileged is incorrect. *See* Dkt. No. 1, FN 1–3, 5, 10, 11–41, 44–46; pp. 5, 7, 8, 10–14, 17. |

| | Complaint itself. See Complaint ¶ 2 n.4; ¶ 51 n.42 | Moreover, Defendants are not requesting communications between Plaintiff and his attorneys.<br><br>Please amend response and supplement production accordingly. |
|---|---|---|
| **RFP No. 8:** All documents and communications which evidence or relate to your claim in Paragraph 7 of your Complaint that you suffer from serious and long-term mental and emotional consequences as a result of this incident. | **October 18, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 7. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries. | Plaintiff's response that his "investigation continues as to the allegations in Paragraph 7" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and |

| | | |
|---|---|---|
| | Mr. Thomas's investigation continues as to the allegations in Paragraph 7 of the Complaint. Mr. Thomas produces the following documents:<br><br>• Bates Nos. THOMAS000000000000034–THOMAS0000000000000345. | when—either by the requested date or by another specified reasonable date.").<br><br>Please amend response and supplement accordingly. |
| **RFP No. 20:** All documents and communications which evidence or reflect your medical expenses, lost earnings, loss of future earning capacity, physical pain and suffering, temporary and permanent physical and emotional impairments, mental anguish and emotional distress, fear, humiliation, and loss of enjoyment of life as alleged in Paragraph 60 of your Complaint. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed or referenced during this litigation. Thomas also construes this request not to seek the disclosure of attorney work product prepared in anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship. Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by |

| | | another specified reasonable date."). |
|---|---|---|
| | | Additionally, the Parties have agreed to and the Court has signed a protective order in this case. Please amend your response and supplement your production accordingly. |
| **RFP No. 21:** All documents and communications which evidence or relate to your contention in Paragraph 66 of your Complaint that the injuries handicapped the use of your dominant arm. | **October 18, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 66. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries. | Plaintiff's response that his "investigation continues as to the allegations in Paragraph 66" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be |

| | | |
|---|---|---|
| | Mr. Thomas's investigation continues as to the allegations in Paragraph 66. Mr. Thomas discloses the following documents:<br><br>• Bates No. THOMAS000000000000032<br>• Bates No. THOMAS000000000000033<br>• Bates Nos. THOMAS00000000000034–THOMAS000000000000345<br>• Bates No. THOMAS000000000000346<br>• Bates Nos. THOMAS000000000000348–THOMAS000000000000369. | produced later, and when—either by the requested date or by another specified reasonable date."). Please amend your response and supplement your production accordingly. |
| **RFP No. 22:** All documents and communications which evidence or relate to your contention in paragraph 66 of your Complaint that you tried returning to construction work, but your injuries were too much of a barrier as alleged. | **October 18, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 66. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 66. Mr. Thomas discloses the following documents: | Plaintiff's response that his "investigation continues as to the allegations in Paragraph 66" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the |

| | • Bates No. THOMAS000000000000032<br>• Bates No. THOMAS000000000000033<br>• Bates Nos. THOMAS00000000000034–THOMAS000000000000345<br>• Bates No. THOMAS000000000000346<br>• Bates Nos. THOMAS000000000000348–THOMAS000000000000369. | requested date or by another specified reasonable date."). Please amend your response and supplement your production accordingly. |
|---|---|---|
| **RFP No. 23:** All documents and communications demonstrating your qualifications for any job which you claim you applied for after this incident. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the subject of this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the subject of this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). |

| | | Please amend your response and supplement your production accordingly. |
|---|---|---|
| **RFP No. 24:** All written responses to any job applications that you have made, whether the applications were informal or formal, oral or written, since August 2020 and continuing to the present. | Mr. Thomas's investigation continues as to the subject of this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the subject of this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). Please amend your response and supplement your |

| | | production accordingly. |
|---|---|---|
| **RFP No. 25:** All documents and communications that reference or relate to any efforts you have undertaken to find employment since the date of your alleged injury. This Request includes, without limitation, copies of all job applications, job advertisements, correspondence to or from prospective employees, correspondence to or form any employment agencies or search firms, and any offer or rejection letters. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas's investigation continues as to the subject of this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the subject of this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). Please amend your response and supplement your production accordingly. |

| | | |
|---|---|---|
| **RFP No. 26:** All documents and communications which evidence or relate to your contention in Paragraph 68 of your Complaint that you experienced "heightened levels of anxiety, depression, and post-traumatic stress." | **October 18, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 68. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 68. Mr. Thomas produces the following documents:<br><br>• Bates No. THOMAS00000000000034–THOMAS000000000000345 | Plaintiff's response that his "investigation continues as to the allegations in Paragraph 68" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). Please amend your response and supplement your production accordingly. |
| **RFP No. 31:** Your current resume or vitae reflecting | Mr. Thomas's investigation continues as to the matters indicated in this request. He will | Plaintiff's response that his "investigation |

| your educational background and employment history. | supplement his response as required by applicable law. | continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). |
| **RFP No. 32:** All memoranda, notes, transcripts, records, logs, diaries, calendars, minutes, summaries, and other documents made by you or anyone acting on your behalf that | **October 18, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas also construes this request not to seek the disclosure of attorney work product prepared in anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response |

| refer or relate to the events or claims that form the basis of this lawsuit. | requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas also construes this request not to seek the disclosure of attorney work product prepared in anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>Mr. Thomas produces the following documents:<br>• Bates Nos. THOMAS000000000000017–THOMAS000000000000031<br><br>Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). |
| **RFP No. 34:** All communications, including calls, emails, and text messages, sent or received by you on August 22, 2021. | Mr. Thomas objects that this request is not relevant to any party's claim or defense, nor is it proportional to the needs of the case. | Plaintiff's Complaint alleges that Plaintiff was "unarmed; compliant with orders; … and made no attempt to flee, resist arrest, or harm Defendant Johnson or any other person." Dkt. No. 1, ¶¶ 1, 72. Plaintiff also depicts himself as an |

| | | |
|---|---|---|
| | | innocent, loving father who was senselessly attacked by a police dog on February 22, 2021. Dkt. No. 1, ¶ 1. Plaintiff's communications leading up to the incident are relevant to Plaintiff's direct claims, and Defendants have specified a narrow timeframe for the requested information—the night of the incident. Therefore, Defendants' request is relevant to the Parties' claims and defenses and it is proportional to the needs of this case. |
| **RFP No. 35:** Copies of any and all medical records, reports, or other documents from any hospitals, therapists, counselors, doctors, or medical providers that have treated or examined you for your injuries that relate to this Lawsuit. | Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* |

| | | Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). |
|---|---|---|
| **RFP No. 37:** Please produce any and all documents relating to the identity of any witnesses to, or any other person with knowledge of relevant facts concerning, the occurrence(s) made the basis of the claims asserted in the Complaint and events leading up to it. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas also construes this request not to seek the disclosure of attorney work product prepared in anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship. | |
| **RFP No. 39:** All documents that reference or relate to any wages, benefits, income, or other monies you have received from any source since August 2020 to present. This Request includes, without limitation, copies of all | Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether |

| | | |
|---|---|---|
| paystubs, W-2s, and earning statements, as well as any and all documents relating to any unemployment, social security, or disability benefits. | | information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); *see also* Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). |