# EXHIBIT iv

Plaintiff's Response to Defendant's Deficiency Letter



Via email

January 11, 2024

Celena C. Vinson
cvinson@thompsonhorton.com
Kathryn E. Vestal
kvestal@thompsonhorton.com

Dear Counsel,

In your January 3 letter, you raised concerns about Plaintiff's responses and objections to Defendants' September 18 discovery requests. We address each of those concerns herein. In the future, we urge you to raise any concerns about Plaintiff's discovery responses as you become aware of them, without undue delay.

First, you raised a global concern that Plaintiff has not previously indicated which discovery requests his December 6, 2023 document productions respond to. That is easily remedied, as all documents in that production fall into the categories of confidential medical and/or mental health records, responsive to RFP Nos. 1, 4, 8, 20–22, 26, 32, and 39. They are Bates stamped as Nos. THOMAS000000000000370–THOMAS000000000003355.

In your letter, you also took issue with one of Plaintiff's objections raised in response to several discovery requests:

> Mr. Thomas objects to the disclosure of documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1). Defendants therefore have equal or superior access to the requested documents.

You asserted for the first time in your January 3 letter that this objection was improper and that Mr. Thomas is attempting to "skirt his responsibility to produce responsive documents and information to Defendants by simply declaring that Defendants have access to the documents requested." This assertion is inaccurate, and the cases you cite in support are inapposite. In *Apollo MedFlight*, the district court overruled a boilerplate "equal or superior access" objection where the objecting party neglected to explain how it applied to the request at hand. *Apollo MedFlight, LLC v. BlueCross BlueShield of Texas*, No. 2:18-CV-166-Z-BR, 2020 WL 520608, at *10 (N.D. Tex. Jan. 13, 2020). The same was true in the second case you cite. *See Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 508. By contrast, Mr. Thomas made clear when raising his "equal or superior access" objections that Defendants' access to the requested documents arises from their employment or former employment with the Harris County Constable's Office (HCCO). Based on this objection, Mr. Thomas did not produce, for example, incident reports created by Defendants and departmental policy documents from HCCO.

On January 10, 2024, we asked, via email, whether Defendants maintain their position that Mr. Thomas should produce documents already known to be in Defendants' possession, as it applies to Plaintiff's pre-existing copies of documents that Defendants later produced in discovery. We



noted that doing so would artificially inflate the cost of this litigation. You responded that there is no need to produce Plaintiff's copies of documents that Defendants have produced in discovery.

Mr. Thomas maintains the propriety of his objection to (1) documents created or maintained by HCCO and (2) documents that Plaintiff obtained from third parties other than HCCO, but to which Defendants nonetheless have equal or superior access by nature of their employment or former employment with HCCO. Nonetheless, in the interest of expediency, he produces these documents now, as detailed in the table beginning on the following page.

We hope that this letter will remedy your concerns in full. But should you have any further questions or concerns, we are happy to discuss them by phone or email.

Dated: January 11, 2024　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Shirley LaVarco
　　　　　　　　　　　　　　　　　　Shirley LaVarco (*pro hac vice*)*
　　　　　　　　　　　　　　　　　　shirley@civilrightscorps.org
　　　　　　　　　　　　　　　　　　Brittany Francis (*pro hac vice*)†
　　　　　　　　　　　　　　　　　　brittany@civilrightscorps.org
　　　　　　　　　　　　　　　　　　Jeffrey D. Stein (Texas Bar No. 24124197; S.D. Tex. Bar No. 3600520)‡
　　　　　　　　　　　　　　　　　　jeff@civilrightscorps.org
　　　　　　　　　　　　　　　　　　Civil Rights Corps
　　　　　　　　　　　　　　　　　　1601 Connecticut Ave. NW, Suite 800
　　　　　　　　　　　　　　　　　　Washington, D.C. 20009
　　　　　　　　　　　　　　　　　　Telephone: (202) 844-4975
　　　　　　　　　　　　　　　　　　* Admitted to practice in the District of Columbia (Bar No. 90005167).
　　　　　　　　　　　　　　　　　　† Admitted to practice in New York (Bar No. 5337555) and the District of Columbia (Bar No. 90008960)
　　　　　　　　　　　　　　　　　　‡ Attorney-in-Charge.
　　　　　　　　　　　　　　　　　　Counsel for Plaintiff Kerry Lee Thomas

| **Defendants' Request for Production** | **Plaintiff's Responses and Objections** | **Defendants' Responses to Plaintiff's Objections** | **Plaintiff's Reply** |
|---|---|---|---|
| **RFP No. 1:** All documents and communications supporting (or refuting) any contentions you are making in this Lawsuit | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects that this request is vague, unduly burdensome, and not proportional to the needs of the case. Fed. R. Civ. Pro. 26(b). Moreover, Mr. Thomas objects because this request calls for the disclosure of attorney work product prepared in anticipation of litigation or for trial. Defendant Schultz has failed to demonstrate a substantial need for such attorney work product and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>In addition, Mr. Thomas objects to the disclosure of documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1). Defendants therefore have equal or superior access to the requested documents. | Plaintiff's response raises objections without indicating whether any responsive documents are being withheld based on these objections as is required by the federal Rules of Civil Procedure. Fed. R. Civ. ¶ 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").<br><br>Plaintiff's objection that Defendants' request is not proportional to the needs of this case is absurd. This request is limited to documents and communications related to Plaintiff's claims in the present lawsuit. Therefore, this request is not vague, unduly burdensome, or unproportional to the needs of this case. Rather, it is directly related to and proportional to the needs of this case. Defendants seek relevant documents that support or refute Plaintiff's asserted claims.<br><br>Please amend your response and supplement your production accordingly. | The only responsive documents in Plaintiff's possession, custody, or control are (1) documents that are already in the possession, custody, or control of Defendants (which we know to be true because Defendants have produced them in discovery or because Plaintiff has already produced them), (2) documents subject to the attorney-client privilege, (3) attorney work product, for which Defendants have failed to demonstrate a substantial need, and (4) documents previously produced by Plaintiff or produced on the date of this letter in response to more specific discovery requests, as detailed below. |
| **RFP No. 4:** All documents and communications supporting (or refuting) any contentions you are making in this Lawsuit. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas also construes this request not to seek the disclosure of attorney work product prepared in | Plaintiff's response raises objections without indicating whether any responsive documents are being withheld based on these objections as is required by the federal Rules of Civil | Without waiving his "equal or superior access" objections, and as a concession described in the body of this letter, Plaintiff now produces: |

**Page 3 of 17**

| | | | |
|---|---|---|---|
| | anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>Mr. Thomas objects to the request that he disclose other responsive documents and communications that are already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1). | Procedure. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). | Bates Nos. THOMAS000000000003356–THOMAS000000000003433.<br><br>The only other responsive documents in Plaintiff's possession, custody, or control are (1) documents that are already in the possession, custody, or control of Defendants (which we know to be true because Defendants have produced them in discovery or because Plaintiff has already produced them), (2) documents subject to the attorney-client privilege, and (3) attorney work product, for which Defendants have failed to demonstrate a substantial need. |
| **RFP No. 5:** All video recordings, audio recordings, photographs, and social media posts you reviewed or relied on to make the factual allegations in the Complaint. | Mr. Thomas construes this request not to seek any materials that have been previously produced during this ligation. Mr. Thomas objects to the request that he disclose any video recordings, audio recordings, or photographs that he reviewed or relied on because they are already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1). Moreover, any social media posts reviewed or relied on to make the factual allegations in the Complaint are publicly available and are referenced and linked to in the Complaint itself. See Complaint ¶ 2 n.4; ¶ 51 n.42. Defendant Schultz therefore has equal access to them. | Plaintiff's response raises objections without indicating whether any responsive documents are being withheld based on these objections as is required by the federal Rules of Civil Procedure.<br><br>Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").<br><br>Social media posts reviewed or relied by Plaintiff must be produced. Plaintiff's objection that responsive information is publicly available is irrelevant and improper. Defendants have requested production of the documents and information. Plaintiff cannot withhold responsive documents because they may be findable by Defendants somewhere on the internet. | The only responsive documents in Plaintiff's possession, custody, or control are (1) documents that are already in the possession, custody, or control of Defendants (which we know to be true because Defendants have produced them in discovery), (2) documents to which Defendants have equal or superior access, because they appear in the Complaint (as is true with responsive photographs), (3) documents to which Defendants have equal or superior access because they are cited and linked in the Complaint (rather than simply "findable by Defendants somewhere on the internet"), and (4) attorney work product, for which Defendants have failed to demonstrate a substantial need.<br><br>While maintaining his objections, in the interest of expediency, Mr. Thomas directs Defendants to the following links to social media posts cited in the |

| | | | |
|---|---|---|---|
| | | | Complaint, as well as to news articles containing responsive material:<br><br>● https://www.facebook.com/Precinct1Constable/posts/retirement-and-promotionsfriday-was-a-busy-day-at-precinct-one-with-several-prom/3867782976631321/.<br>● https://www.chron.com/news/houston-texas/houston/article/Deputies-fired-over-sexual-misconduct-4258117.php<br>● https://abc13.com/deputy-suicide-harris-county-precinct-1-sgt-accused-of-sex-assault-child-abuse-allegations/10673478/<br>● https://m.facebook.com/Precinct1Constable/posts/2174105712665731<br><br>In addition, Plaintiff produces THOMAS000000000003428, which is the video excerpt filed with the Court as Exhibit 1 to the Complaint. It was previously publicly accessible through a url linked in the Complaint, but is now publicly accessible using the following url: https://www.dropbox.com/scl/fo/qhiw4fh3m70eeiab35gqd/h?rlkey=obpusp8m4nk0p0ud4tnvf0sxu&dl=0. |
| **RFP No. 6:** All edited, enhanced, or otherwise modified or manipulated versions of any video recordings, audio recordings, photographs, and social media posts reviewed or relied | Mr. Thomas objects to the request for "[a]ll edited [or] enhanced . . . video recordings, audio recordings, [and] photographs" because it seeks the disclosure of attorney work product prepared in anticipation of litigation or for trial. Defendant Schultz has failed to demonstrate a | Plaintiff referenced and included edited, manipulated, or otherwise doctored versions of videos and photographs in his original complaint; thus, his objection that the requested information | The only responsive documents in Plaintiff's possession, custody, or control are (1) documents that are already in the possession, custody, or control of Defendants (which we know to be true |

| | | | |
|---|---|---|---|
| on to make the factual allegations in the Complaint. | substantial need for such attorney work product and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>Mr. Thomas is not aware of any responsive social media posts in his possession, beyond those that are referenced in the Complaint, which are publicly accessible and linked to in the Complaint itself. See Complaint ¶ 2 n.4; ¶ 51 n.42. | is privileged is incorrect. See Dkt. No. 1, FN 1–3, 5, 10, 11–41, 44–46; pp. 5, 7, 8, 10–14, 17.<br><br>Moreover, Defendants are not requesting communications between Plaintiff and his attorneys. Please amend response and supplement production accordingly. | because Defendants have produced them in discovery), (2) documents to which Defendants have equal or superior access, because they either appear in the Complaint (as is true with responsive photographs), (3) documents to which Defendants have equal or superior access because they are cited and linked in the Complaint (rather than simply "findable by Defendants somewhere on the internet"), and (4) attorney work product, for which Defendants have failed to demonstrate a substantial need.<br><br>While maintaining his objections, in the interest of expediency, Mr. Thomas directs Defendants to the following links to social media posts cited in the Complaint, as well as to news articles containing responsive material:<br><br>● https://www.facebook.com/Precinct1Constable/posts/retirement-and-promotionsfriday-was-a-busy-day-at-precinct-one-with-several-prom/3867782976631321/.<br>● https://www.chron.com/news/houston-texas/houston/article/Deputies-fired-over-sexual-misconduct-4258117.php<br>● https://abc13.com/deputy-suicide-harris-county-precinct-1-sgt-accused-of-sex-assault-child-abuse-allegations/10673478/<br>● https://m.facebook.com/Precinct1Constable/posts/2174105712665731 |

| | | | |
|---|---|---|---|
| | | | In addition, Plaintiff produces THOMAS000000000003428, which is the video excerpt filed with the Court as Exhibit 1 to the Complaint. It was previously publicly accessible through a url linked in the Complaint, but is now publicly accessible using the following url: https://www.dropbox.com/scl/fo/qhiw4fh3m70eeiab35gqd/h?rlkey=obpusp8m4nk0p0ud4tnvf0sxu&dl=0. |
| **RFP No. 8:** All documents and communications which evidence or relate to your claim in Paragraph 7 of your Complaint that you suffer from serious and long-term mental and emotional consequences as a result of this incident. | **October 18, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 7. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries. | Plaintiff's response that his "investigation continues as to the allegations in Paragraph 7" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date.").<br><br>Please amend response and supplement accordingly. | Without waiving his "equal or superior access" objections, and as a concession described in the body of this letter, Plaintiff now produces:<br><br>Bates No. THOMAS000000000003433.<br><br>All other responsive documents within Plaintiff's possession, custody, and control to date have already been produced. Plaintiff's reference to a continued investigation regarding the allegations in Paragraph 7 was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control (e.g., were Plaintiff to receive further mental health treatment and corresponding records). |

| | | | |
|---|---|---|---|
| | Mr. Thomas's investigation continues as to the allegations in Paragraph 7 of the Complaint. Mr. Thomas produces the following documents:<br>• Bates Nos. THOMAS000000000000034–THOMAS0000000000000345. | | |
| **RFP No. 20:** All documents and communications which evidence or reflect your medical expenses, lost earnings, loss of future earning capacity, physical pain and suffering, temporary and permanent physical and emotional impairments, mental anguish and emotional distress, fear, humiliation, and loss of enjoyment of life as alleged in Paragraph 60 of your Complaint. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed or referenced during this litigation. Thomas also construes this request not to seek the disclosure of attorney work product prepared in anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship. Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date.").<br><br>Additionally, the Parties have agreed to and the Court has signed a protective order in this case. Please amend your response and supplement your production accordingly. | Without waiving his "equal or superior access" objections, and as a concession described in the body of this letter, Plaintiff now produces:<br><br>Bates No. THOMAS000000000003433.<br><br>All other responsive documents within Plaintiff's possession, custody, and control to date have already been produced, save for documents subject to the attorney-client privilege. Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control (e.g., were Plaintiff to receive further treatment records following his November 2 productions). |
| **RFP No. 21:** All documents and communications which evidence or relate to your contention in Paragraph 66 of your Complaint that the injuries | **October 18, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it | Plaintiff's response that his "investigation continues as to the allegations in Paragraph 66" and his claim that he will supplement his response is insufficient. Plaintiff's | Without waiving his "equal or superior access" objections, and as a concession described in the body of this letter, Plaintiff now produces: |

| | | | |
|---|---|---|---|
| handicapped the use of your dominant arm. | seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 66. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 66. Mr. Thomas discloses the following documents:<br>● Bates No. THOMAS000000000000032<br>● Bates No. THOMAS000000000000033<br>● Bates Nos. THOMAS00000000000034–THOMAS000000000000345<br>● Bates No. THOMAS000000000000346<br>● Bates Nos. THOMAS000000000000348–THOMAS000000000000369. | response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). Please amend your response and supplement your production accordingly. | Bates No. THOMAS000000000003433.<br><br>All other responsive documents within Plaintiff's possession, custody, and control to date have already been produced, save for documents subject to the attorney-client privilege. Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control (e.g., were Plaintiff to receive further treatment records following his November 2 productions). |
| **RFP No. 22:** All documents and communications which evidence or relate to your contention in paragraph 66 of your Complaint that you tried returning to construction work, but | **October 18, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it | Plaintiff's response that his "investigation continues as to the allegations in Paragraph 66" and his claim that he will supplement his response is insufficient. Plaintiff's | Without waiving his "equal or superior access" objections, and as a concession described in the body of this letter, Plaintiff now produces: |

| | | | |
|---|---|---|---|
| your injuries were too much of a barrier as alleged. | seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 66. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the allegations in Paragraph 66. Mr. Thomas discloses the following documents:<br><br>● Bates No. THOMAS000000000000032<br>● Bates No. THOMAS000000000000033<br>● Bates Nos. THOMAS00000000000034–THOMAS000000000000345<br>● Bates No. THOMAS000000000000346<br>● Bates Nos. THOMAS000000000000348–THOMAS000000000000369. | response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). Please amend your response and supplement your production accordingly. | Bates No. THOMAS000000000003433.<br><br>All other responsive documents within Plaintiff's possession, custody, and control to date have already been produced, save for documents subject to the attorney-client privilege. Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control (e.g., were Mr. Thomas to return to construction work). |
| **RFP No. 23:** All documents and communications demonstrating your qualifications for any job which you | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it | Plaintiff's response that his "investigation continues as to the subject of this request" and his claim that he will supplement his response is | All responsive documents within Plaintiff's possession, custody, and control to date have already been produced, save for documents subject to |

Page 10 of 17

| | | | |
|---|---|---|---|
| claim you applied for after this incident. | seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br><br>Mr. Thomas's investigation continues as to the subject of this request. He will supplement his response as required by applicable law. | insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date.").<br><br>Please amend your response and supplement your production accordingly. | the attorney-client privilege. Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control. |
| **RFP No. 24:** All written responses to any job applications that you have made, whether the applications were informal or formal, oral or written, since August 2020 and continuing to the present. | Mr. Thomas's investigation continues as to the subject of this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the subject of this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). Please | All responsive documents within Plaintiff's possession, custody, and control to date have already been produced, save for documents subject to the attorney-client privilege. Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control. |

| | | amend your response and supplement your production accordingly. | |
|---|---|---|---|
| **RFP No. 25:** All documents and communications that reference or relate to any efforts you have undertaken to find employment since the date of your alleged injury. This Request includes, without limitation, copies of all job applications, job advertisements, correspondence to or from prospective employees, correspondence to or form any employment agencies or search firms, and any offer or rejection letters. | Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas's investigation continues as to the subject of this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the subject of this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). Please amend your response and supplement your production accordingly. | All responsive documents within Plaintiff's possession, custody, and control to date have already been produced, save for documents subject to the attorney-client privilege. Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control. |
| **RFP No. 26:** All documents and communications which evidence or relate to your contention in Paragraph 68 of your Complaint that you experienced "heightened levels of anxiety, depression, and post-traumatic stress." | **October 18, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries. | Plaintiff's response that his "investigation continues as to the allegations in Paragraph 68" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. ¶ 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced | Without waiving his "equal or superior access" objections, and as a concession described in the body of this letter, Plaintiff now produces:<br><br>Bates No. THOMAS000000000003433.<br><br>All other responsive documents within Plaintiff's possession, custody, and control to date have already been produced, save for documents subject to the attorney-client privilege. Plaintiff's reference to a continued investigation as to the documents requested was |

| | | | |
|---|---|---|---|
| | Mr. Thomas's investigation continues as to the allegations in Paragraph 68. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:**<br>Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas objects to the request insofar as it seeks documents already in the possession, custody, or control of Defendants, either personally or through Defendants' employer or former employer (the Harris County Constable's Office, Precinct 1), including video recordings, audio recordings, and photographs evidencing Mr. Thomas's injuries.<br>Mr. Thomas's investigation continues as to the allegations in Paragraph 68. Mr. Thomas produces the following documents:<br>● Bates No. THOMAS00000000000034–THOMAS000000000000345 | and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). Please amend your response and supplement your production accordingly. | intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control (e.g., were Plaintiff to receive further treatment records following his December 6 productions). |
| **RFP No. 31:** Your current resume or vitae reflecting your educational background and employment history. | Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested | There are no responsive documents presently within Plaintiff's possession, custody, or control. Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control (i.e., were Plaintiff to create a resume or vitae). |

**Page 13 of 17**

| | | date or by another specified reasonable date."). | |
|---|---|---|---|
| **RFP No. 32:** All memoranda, notes, transcripts, records, logs, diaries, calendars, minutes, summaries, and other documents made by you or anyone acting on your behalf that refer or relate to the events or claims that form the basis of this lawsuit. | **October 18, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas also construes this request not to seek the disclosure of attorney work product prepared in anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law.<br><br>**November 2, 2023 Response:** Mr. Thomas construes this request not to seek any communications between Mr. Thomas and counsel or materials that have been previously disclosed during this litigation. Mr. Thomas also construes this request not to seek the disclosure of attorney work product prepared in anticipation of litigation or for trial. If Defendant Schultz is in fact requesting attorney work product, Mr. Thomas objects that Defendant Schultz has failed to demonstrate a substantial need for the requested documents and has failed to demonstrate that he would be unable to obtain their substantial equivalents by other means without undue hardship.<br><br>Mr. Thomas produces the following documents:<br>● Bates Nos. THOMAS0000000000000017– THOMAS0000000000000031<br>● | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). | There are no responsive, non-privileged documents presently within Plaintiff's possession, custody, or control, save for those that have already been produced. Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control. |

**Page 14 of 17**

| | | | |
|---|---|---|---|
| | Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | | |
| **RFP No. 34:** All communications, including calls, emails, and text messages, sent or received by you on August 22, 2021. | Mr. Thomas objects that this request is not relevant to any party's claim or defense, nor is it proportional to the needs of the case. | Plaintiff's Complaint alleges that Plaintiff was "unarmed; compliant with orders;… and made no attempt to flee, resist arrest, or harm Defendant Johnson or any other person." Dkt. No. 1, ¶¶ 1, 72. Plaintiff also depicts himself as an innocent, loving father who was senselessly attacked by a police dog on February 22, 2021. Dkt. No. 1, ¶ 1. Plaintiff's communications leading up to the incident are relevant to Plaintiff's direct claims, and Defendants have specified a narrow timeframe for the requested information—the night of the incident. Therefore, Defendants' request is relevant to the Parties' claims and defenses and it is proportional to the needs of this case. | Defendants requested all communications sent or received by Plaintiff on August 22, 2021. The events giving rise to this lawsuit took place on February 22, 2021. Plaintiff reasserts his relevancy and proportionality objections to RFP No. 34. |
| **RFP No. 35:** Copies of any and all medical records, reports, or other documents from any hospitals, therapists, counselors, doctors, or medical providers that have treated or examined you for your injuries that relate to this Lawsuit. | Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced | Prior to or upon receiving Defendants' discovery requests, Counsel for Plaintiff requested potentially responsive records from various third parties. Counsel did not receive the bulk of those records until after October 18 (the date Plaintiff's discovery responses were due). Plaintiff's counsel notified Defendants of the status of our third party records requests on October 25. Upon receipt of those records, Counsel immediately began reviewing them for responsiveness. Plaintiff has already produced all |

**Page 15 of 17**

| | | and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). | responsive documents within his possession, custody, or control.<br><br>As to Plaintiff's reference to a continued investigation, that was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control. |
|---|---|---|---|
| **RFP No. 39:** All documents that reference or relate to any wages, benefits, income, or other monies you have received from any source since August 2020 to present. This Request includes, without limitation, copies of all paystubs, W-2s, and earning statements, as well as any and all documents relating to any unemployment, social security, or disability benefits. | Mr. Thomas's investigation continues as to the matters indicated in this request. He will supplement his response as required by applicable law. | Plaintiff's response that his "investigation continues as to the matters indicated in this request" and his claim that he will supplement his response is insufficient. Plaintiff's response and objections fail to confirm whether information will be produced and when it will be produced as is required by the Federal Rules and Judge Rosenthal. Fed. R. Civ. P. 34(b)(2)(C); see also Judge Rosenthal's Court Procedures, Section 5 ("a party may not merely state that some of the information is produced and more will be provided later. Instead, the party must state whether more information will be produced later, and when—either by the requested date or by another specified reasonable date."). | Plaintiff's reference to a continued investigation as to the documents requested was intended only to refer to Plaintiff's cognizance of his ongoing duty to supplement his discovery responses if and when additional responsive documents come into his possession, custody, or control.<br><br>There are no responsive, non-privileged documents presently within Plaintiff's possession, custody, or control. |



## CERTIFICATE OF SERVICE

I certify that on January 11, 2024, a true and correct copy of the foregoing, which will not be filed pursuant to Local Rule 5, was served upon the following counsel of record via email:

Celena C. Vinson
Thompson & Horton LLP
Celena Vinson
State Bar No. 24037651
cvinson@thompsonhorton.com
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6742

Kathryn E. Vestal
Thompson & Horton LLP
State Bar No. 24114818
Southern District No. 3779788
kvestal@thompsonhorton.com
3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6751

Counsel for Defendants Eric Bruss and Wayne Schultz

Dated: January 11, 2024

            /s/ Shirley LaVarco
            Shirley LaVarco
            Counsel for Plaintiff Kerry Lee Thomas