United States District Court
Southern District of Texas
**ENTERED**
September 10, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KERRY LEE THOMAS, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-0662 |
| | § | |
| ROBERT JOHNSON, *et al.*, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**MEMORANDUM AND ORDER**

This is an excessive force case brought against two deputy constables and the estate of a third. The officers were arresting a suspect who they believed might be armed. The excessive force was a trained canine. The plaintiff, Kerry Lee Thomas, alleges that Bruss and Schultz, a deputy and a sergeant in the same office, stood by while Deputy Johnson directed the canine to attack Thomas, who was face down on the ground at the time. (Docket Entry No. 24 at 1). Thomas suffered dog bites on his arm as a result. (Docket Entry No. 1-2 (video) at 19:27:25 (on file with the court)).

Thomas sued Johnson's estate, Bruss, and Schultz in February 2023, alleging excessive force. In November 2023, the court granted Thomas's motion to substitute Keith Morris as the Temporary Dependent Administrator of the Estate of Robert Johnson. (Docket Entry No. 40). Morris has been served, but he has not answered or otherwise appeared. Thomas has not moved for entry of default or for default judgment.

Bruss and Schultz now move to dismiss the complaint against Johnson and his estate based on purported deficiencies in Thomas's service of process on Johnson's estate. (Docket Entry No. 73). Bruss and Schultz claim that Thomas failed to comply with the time limits under Rule 4(m) of the Federal Rules of Civil Procedure and still has not effectuated proper service on Morris as the Blum Firm, P.C., is not a party to this action. (*Id*.). Thomas opposes this motion. (Docket Entry No. 74). He argues that Bruss and Schultz do not have standing to seek dismissal of the claims against Johnson and his estate; that the motion is untimely; and that Morris was timely and effectively served. Bruss and Schultz move in the alternative to sever the claims against Johnson and his estate under Rules 19, 20, and 21 of the Federal Rules of Civil Procedure.

Based on the pleadings, the motions and responses, the arguments of counsel, and the applicable law, the court denies the motions to dismiss or to sever. The reasons for these rulings are set out below.

## I.      The Motion to Dismiss

A defendant may move to dismiss a plaintiff's claims for failure to effect timely service. FED. R. CIV. P. 12(b)(5); *In re Katrina Canal Beaches Litig.*, 309 Fed. Appx. 833, 835 (5th Cir. 2009). Federal Rule of Civil Procedure 4(m) sets out the consequences of failing to timely serve a defendant:

> If a defendant is not served within 90 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff —must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  Under Rule 4(m), if a plaintiff fails to serve a defendant within 120 days, the court may either dismiss the action without prejudice or direct that service be effected within a specified time. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996).

While "the district court has broad discretion when handling motions to dismiss under Rule 12(b) . . . [t]he movant may obtain relief only as to itself; the movant has no standing to seek dismissal of the action as to nonmoving parties." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1349 (4th ed. 2024); *see also*, *Woods v. Cnty. of Los Angeles*, 2022 WL 980649, at *4 (C.D. Cal. Mar. 10, 2022) ("[w]ithout a showing of an injury in fact, [defendant] lacks standing to bring" motion challenging service of process on another defendant), *report and recommendation adopted*, 2022 WL 971951 (C.D. Cal. Mar. 30, 2022); *Lahman v. Nationwide Provider Sols.*, 2017 WL 4169000, at *2 (E.D. Tex. Sept. 20, 2017) ("It is generally accepted that parties lack standing to seek dismissal of parties other than themselves.").  Courts granting motions to dismiss by one codefendant against another may do so only in limited circumstances, such as when all the parties agree that a particular defendant is a business entity that no longer exists. *See, e.g., Carr v. Spherion*, Civil Action No. 08-0326 (W.D. La. Sep. 4, 2008).

Federal Rule of Civil Procedure 11 requires that any paper submitted on behalf of a party may be signed only by the attorney of record or by the party personally if that party is pro se.  This rule may also preclude a party from raising arguments on behalf of another party. *See, e.g.*, *In re DLN Properties, LTD*, 2018 WL 3109641, at *3 n.41 (E.D. La. June 25, 2018) ("Federal Rule of Civil Procedure 11 does not permit a defendant to seek relief on behalf of its co-defendant."); *Hanover Ins. Co. v. Superior Lab. Servs., Inc.*, 2018 WL 2056173, at *2 (E.D. La. Mar. 13, 2018)

3

("[B]ecause the motion to dismiss was not signed by counsel for any of the Remaining Insurers, the Court strikes Allied's motion to dismiss brought on behalf of them" under Rule 11).

Bruss and Schultz cite no legal authority supporting their argument that they can move to dismiss on behalf of Johnson, their codefendant, under Rule 12(b)(5).  Nor do they address the argument that Rule 11 may also preclude their ability to do so.  The court need not decide whether service on Johnson was ineffective under Rule 4(m).  Rather, the court denies Bruss and Schultz's motion to dismiss on the basis that they are not the proper parties to bring such a motion.

## II.   The Motion to Sever

Bruss and Schultz move to sever the claims against them from the claims against Johnson, citing Rules 19, 20, and 21 of the Federal Rules of Civil Procedure.  The relevant issue under Rule 19 is whether Bruss and Schultz must be defendants in Thomas's action against Johnson in order to provide complete relief among the existing parties.  *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003) (internal citations omitted).  Bruss and Schultz argue that they are not necessary parties under Rule 19, because the bystander claims against them are different from, and do not depend on, the claims against Johnson.  That does not determine whether, under Rule 20, Thomas's claims against the three deputies should proceed in one action or whether the claims against Johnson should be severed from the bystander claims against Bruss and Schultz.

Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a [misjoined] party." FED. R. CIV. P. 21 (emphasis added).  However, "[s]ince Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).  Rule 20 allows the joinder of parties when the plaintiff's claims against the defendants "aris[e] out of the same transaction, occurrence, or series of transactions or

occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). A court deciding a motion to sever under Rule 21 may consider whether: (1) the claims arise out of the same transaction or occurrence; (2) the claims present common questions of law or fact; (3) severing would facilitate settlement of the claims or further judicial economy; (4) prejudice would be avoided by severing; and (5) different witnesses and documentary proof are required for the separate claims. *Aspen Tech., Inc. v. Kunt*, 2011 WL 86556, at *2 (S.D. Tex. Jan. 10, 2011). A court should usually allow "the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). A trial court has broad discretion to sever. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).

These factors do not support severing the claims against Johnson from those against Bruss and Schultz. The claims against Johnson arise from the same set of events as those against Bruss and Schultz. To prove Bruss and Schultz's liability for failing to intervene, Thomas must first show that Johnson violated Thomas's constitutional rights. *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020). Given the nature of Johnson's allegations, Thomas would use the same documents and witnesses to establish Johnson's liability as he would to establish Bruss and Schultz's liability as bystanders who failed to intervene to stop to Johnson's constitutional violation.

Bruss and Schultz argue that severing the claims against them would facilitate settlement and "just adjudication"; that failing to sever will prejudice them; and that media coverage of Johnson's suicide (for reasons apparently unrelated to this case) also weighs in favor of severance. The record reflects that, with supervision by the court, the parties have engaged in the discovery process and moved the case forward. The court can address any prejudice from trying the claims

together with jury instructions during jury selection and the trial.  Questions to the venire during jury selection and instructions to the jury that is seated will meet concerns over possible exposure to pretrial publicity.  The close relationship between the claims against Johnson and the claims against Bruss and Schultz, and the fact that the same evidence will likely be used to prove and defend against all the claims, weighs heavily against severance.  The court denies the motion to sever.

## III.    Conclusion

The motion to dismiss under Rule 12(b)(5) and Rule 4(m) or to sever under Rules 19, 20, and 21 are denied.

SIGNED on September 10, 2024, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge