United States District Court
Southern District of Texas
**ENTERED**
November 07, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| WAYNE THOMAS, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-23-00662 |
| v. | § | |
| | § | |
| BRUSS, *et al.*, | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**MEMORANDUM AND OPINION**

This is an excessive force case brought against two deputy constables and the estate of a third. The officers were arresting a suspect who they believed might be armed. The plaintiff, Kerry Lee Thomas, alleges that Bruss and Schultz, a deputy and a sergeant in the same precinct, stood by while another deputy, Deputy Johnson, directed a trained police canine to attack Thomas. (Docket Entry No. 24 at 1). Thomas suffered dog bites on his arm as a result. (Docket Entry No. 1-2 (video) at 19:27:25 (on file with the court)). Thomas now moves to amend his complaint to add additional claims against the existing defendants and also to add new defendants. (Docket Entry No. 70). Based on the record, the motion, and the applicable law, the court denies Thomas's motion to amend except to correct factual inaccuracies in his original complaint. The reasons for these rulings are set forth below.

I.      **Background**

An initial joint discovery and case management plan filed by the parties included a deadline for amending pleadings. (Docket Entry No. 21-2). Subsequent scheduling orders did not set

another deadline for amending pleadings.  This is Thomas's first motion to amend his complaint. Discovery began in September 2023.  (Docket Entry No. 79 ¶ 3).

Thomas argues that he is moving to amend his complaint based on facts that he claims he has learned since filing his original complaint.  (Docket Entry No. 79 ¶¶ 56-60).  Thomas argues that he has learned that: the police canine that attacked him had a history of "performance issues" before the attack on Thomas; Harris County had repeated issues with other police canines; there was "a years-long pattern of unconstitutional conduct during K-9 deployments" by Johnson; and Harris County had a policy of condoning excessive force and unconstitutional canine attacks.  (*Id.* at 1-2).

Thomas seeks to add Harris County as a defendant.  (*Id.* ¶¶ 56-60).  He also seeks to add as defendants Constable Alan Rosen, Assistant Chief Lofton Harrison, Captain Lori Bender, and Lieutenant James C. Moncrief, individuals who he alleges held leadership positions in Precinct #1, where the existing defendants worked.  (*Id.*).  Thomas seeks to sue Rosen, Harrison, Bender, and Moncrief both as policymakers for Harris County as well as in their capacities as Bruss and Schultz's supervisors.  (Docket Entry No. 79-1 ¶ 9).  Thomas claims that he could not have added these new theories of liability to his complaint earlier because Bruss and Schultz delayed in responding to discovery requests.  (Docket Entry No. 79 ¶ 18).

Bruss and Schultz oppose the motion to amend as untimely.  They argue that Thomas had the information necessary to bring his proposed new claims at the outset of this litigation, or at the latest, in the initial stages of discovery.  (Docket Entry No. 81 at 6-8).  Bruss and Schultz also argue that Thomas's proposed new claims fail as a matter of law and would be dismissed under Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at 4-6).  Finally, they assert that the proposed claims

against the new parties—Rosen, Harrison, Bender, Moncrief, and Harris County—are barred by limitations.  (*Id.* at 8-11).

## II.    The Legal Standards

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). But this "generous standard is tempered by the necessary power of a district court to manage a case." *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Although Rule 15 indicates a bias in favor of granting leave to amend, leave is by no means automatic.  *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir. 1996) (citing *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)).  A district court must have a "substantial reason" to deny leave, yet the decision remains within the court's discretion.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998)).  In exercising its discretion, the court should consider several factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Absent one of these factors, leave should be freely given.  *Id.* (citing *Foman*, 371 U.S. at 182).

Under Rule 16(b), a party seeking to modify a scheduling order must show good cause. *See* FED. R. CIV. P. 16(b); *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir.1 997); *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).  This good cause standard focuses on the diligence of the party asking the court to modify the scheduling

order. *S & W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).  In deciding whether there is good cause to amend a scheduling order, courts consider: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016).

## II.    Analysis

### A.  The Addition of New Parties

The bulk of Thomas's proposed amendments relate to the new parties he seeks to add: Constable Alan Rosen, Assistant Chief Lofton Harrison, Captain Lori Bender, Lieutenant James Moncrief, and Harris County.  Bruss and Schultz argue that the statute of limitations bars Thomas from adding these new parties and that relation back does not apply.

Thomas brings his claims under 42 U.S.C. § 1983.  (Docket Entry No. 1).  Because Congress has not provided a statute of limitations for civil rights actions under § 1983, federal courts adopt the forum state's general personal injury limitations period.  *Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n. 5 (5th Cir. 1995).  In Texas, the general personal injury limitations period is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 1986); *Piotrowski*, 51 F.3d at 514 n. 5; *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992).  The limitations period for this § 1983 claim is two years from the date the cause of action arose. Tex. Civ. Prac. & Rem. Code § 16.003(a).  Thomas's complaint alleges

that he was attacked by the police canine on February 22, 2021.  (Docket Entry No. 1 ¶ 1).  The limitations period for Thomas's § 1983 claims expired on February 22, 2023.

"When a plaintiff adds a defendant after the limitations period has run, Rule 15(c) of the Federal Rules of Civil Procedure permits the plaintiff to relate the claims filed against the new defendant back to the date of the original filing."  *Winzer v. Kaufman County*, 916 F.3d 464, 470 (5th Cir. 2019). As the plaintiff, Thomas has the burden to demonstrate that his proposed first amended complaint relates back under Rule 15(c). *See Dodson v. Hillcrest Sec. Corp.*, 1996 WL 459770, at *10 (5th Cir. July 24, 1996).

Thomas asserts that Rule 15(c)(1)(a) permits amendment when the law providing the applicable statute of limitations allows relation back.  (Docket Entry No. 83 at 11).  However, Thomas cites no case law supporting his argument that the statute governing general personal injury claims in Texas permits relation back in the § 1983 context.  Instead, "[t]he Fifth Circuit has held that Texas law providing the applicable limitations period for personal injury claims does not allow relation back within the meaning of Rule 15(c)(1)(A)."  *Liggins v. City of Duncanville*, 2021 WL 929105, at *4 (N.D. Tex. Mar. 11, 2021) (citing *Balle v. Nueces County*, 952 F.3d 552 (5th Cir. 2017)) (stating that the Texas statute that provides the statute of limitations in § 1983 cases is "is silent on the issue of tolling and relation back"); *see also*, *Allen v. Hays*, 65 F. 4th 736, 751 (5th Cir. 2023) (stating that relation back did not apply because "Texas state law also does not allow relation back in this [§ 1983] context").  Rule 15(c)(1)(a) does not provide for relation back of Thomas's claims against new parties asserted after the limitations period.

Thomas also cites Rule 15(c)(1)(B) as permitting him to amend because the proposed amended complaint arises from the same occurrence as the original complaint – the attack on Thomas by the police canine.  (*Id.* at 12).  This argument does not support Thomas's proposed

5

additions of claims against individuals in Precinct #1 Leadership and against Harris County.  Fifth Circuit precedent establishes that the requirements of Rules 15(c)(1)(a) or 15(c)(1)(c) must be met in order to permit claims against new parties to relate back to the date of the original complaint. *See, e.g.*, *Allen*, 65 F.4th at 751.

Under Rule 15(c)(1)(c), relation back is permitted when, "among other requirements, the party 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Id.*  (quoting FED. R. CIV. P. 15(c)).  It "is intended to correct a mistake concerning the identity of a defendant; it does not permit adding a new defendant when the plaintiff did not originally know of that defendant's identity."  *Ford v. Anderson Cnty*, 102 F.4th 292 (5th Cir. 2024) (citing *Winzer*, 916 F.3d at 470).  "This exception has been construed narrowly, generally extending to errors 'such as misnomer and misidentification.'"  *Allen*, 65 F.4th at 751 (quoting *Quinn v. Guerrero*, 863 F.3d 353, 363 (5th Cir. 2017)).  The Fifth Circuit recently held that because there was no "case of a mistake concerning the proper party's identity" when the plaintiffs sought to add a new defendant based on facts learned during discovery, the claim against that defendant was time-barred.  *Ford*, 102 F.4th at 318-319.

Thomas does not allege that he was mistaken as to the identities of those he now seeks to add as parties.  He instead argues that discovery from Bruss and Schultz has allowed him to expand his theories of liability and develop additional arguments as to who bears responsibility for his injuries. This argument does not meet the "mistake" requirement.  The claims that Thomas seeks to bring against Harris County and the individuals in Precinct #1 leadership are barred by the statute of limitations.

## B.  Leave to Amend

The proposed claims Thomas seeks to add against the existing defendants Bruss and Schultz are that they conspired to fabricate evidence to conceal their use of excessive force. (Docket Entry No. 79 ¶ 60).  Thomas also seeks to amend to correct two factual discrepancies in his complaint.  (*Id.* ¶¶ 47-49).

Thomas asserts that his motion for leave to amend to add these additional claims against Bruss and Schultz is properly analyzed under the more lenient standards of Rule 15(a).  (Docket Entry No. 79 at 2).  By contrast, Bruss and Schultz assert that Thomas's motions should be analyzed under the good cause standard of Rule 16(b).  (Docket Entry No. 81 at 2).  By moving for leave to amend the complaint, Thomas essentially moves for a modification of the scheduling order.  The court nonetheless analyzes Thomas's motion under Federal Rule of Civil Procedure 16(b), then under the more liberal standard of Rule 15(a).  *See S&W Enters.*, 315 F.3d at 536.

Bruss and Schultz assert, and the court agrees, that Thomas's existing complaint alleges that these defendants lied and falsified evidence. (Docket Entry No. 1 ¶¶ 2, 76).   The complaint alleges that Bruss and Schultz "l[ied[] to cover up their unjustified and unlawful conduct." (Docket Entry No. 1 ¶ 2).  Thomas argues that the fabrication and conspiracy claims are based on new information learned at Schultz's April 2, 2024, deposition.  (*Id.*  ¶¶ 50-55).  "A district court may deny leave to amend if it has a 'substantial reason' to do so, including undue delay."  *Doe 1 v. Baylor Univ.*, 2020 WL 1557742, at *5 (W.D. Tex. Apr. 1, 2020) (citing *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)).  Schultz's deposition occurred over six months ago.  The information gained in this deposition and other discovery may well be used at trial,

without including all the details in a complaint that is, after all, intended to be a short and plain statement of the claims.

The events giving rise to this suit occurred over three and a half years ago.  This case has been pending for a year and a half.  The parties have briefed (and the court has decided) multiple dispositive motions as to Thomas's § 1983 claims.  The parties are on their Sixth Amended Scheduling Order.  (Docket Entry No. 80).   The delay and additional work that this proposed amendment would require is prejudicial to Bruss and Schultz, who justifiably relied on the current scheduling order and on prior representations that no new parties were needed, as indicated by the lack of deadline to add new parties in the scheduling order. It is time for this case to move expeditiously to trial.

Nor is leave to amend justified under the more lenient standard of Rule 15(a).  Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of the amendment," leave should be freely given. *Rosenzweig*, 332 F.3d at 864 (quoting *Foman*, 371 U.S. at 182).  The amendment would cause undue delay and require burdensome additional discovery, when the parties have already worked hard to obtain the discovery needed to try this case. Rule 15(a) does not warrant the relief sought.

Thomas's motion to amend is granted to the extent it seeks to correct the two factual inaccuracies reflected in the current complaint:  (1) that Schultz aimed his taser at Thomas, not his firearm; and (2) that it was Bruss, not Johnson, who threatened Thomas by telling him, "[y]ou ain't seen nothing yet," as the dog attempted to bite him a second time.  (Docket Entry No. 79 ¶¶ 47-

49).  Bruss and Schultz do not oppose these amendments.  The amendments to correct these two factual inaccuracies must be made no later than November 30, 2024.

Because Thomas's other proposed amendments are untimely and would cause undue delay, the court does not reach the argument that amendment should not be permitted because the proposed additional claims fail as a matter of law.

### C.  Rule 11

In their response, Bruss and Schultz describe Thomas's proposed amended complaint as consisting of "unsupported allegations and frivolous claims."  (Docket Entry No 81 at 10).  They state that by filing this motion to amend the complaint, Thomas's attorneys have violated Rule 11.  (*Id*.).  The court finds no Rule 11 violation.  The court reiterates, as it already has previously, that counsel for both sides are urged to refrain from overheated, inflammatory, and accusatory exchanges in their motions and briefs.  (*See* Docket Entry No. 65).

## IV.  Conclusion

The motion to amend and add new parties is denied except to permit Thomas to correct the two factual inaccuracies in his complaint as described in his motion.  (Docket Entry No. 79 ¶¶ 47-49).  Those amendments must be made no later than November 30, 2024.


SIGNED on November 7, 2024, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge