# Exhibit 19

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| USE OF FORCE | **500** | **23** |

## I.  Policy

The highest priority of the Department is safeguarding the life, dignity, and liberty of all persons while serving the public interests of our diverse community.  Employees shall demonstrate this principle in their daily interactions with the community they are sworn to protect and serve. The Law Enforcement Code of Ethics requires all sworn law enforcement officers to carry out their duties with courtesy, respect, professionalism, and to never employ unnecessary force.  These are key factors in maintaining legitimacy with the community and earning the public's trust.

There are times when our personnel are required to respond to resistance to uphold the law, protect the citizens we serve, and to protect themselves.  This policy serves to guide an employee's decisions regarding the reasonable use and application of force to ensure such applications are used only to effect arrests and / or lawful detentions or to bring a situation under appropriate control.  No policy or procedure can define or anticipate every possible situation or extraordinary circumstance which an employee might face.  In all circumstances, peace officers are expected to exercise sound judgement and critical decision making when resorting to force options.  Each situation will be ultimately judged by the specific facts and circumstances of the incident as viewed objectively and reasonably.  In every situation, the actions of all employees shall fully comply with all applicable state and federal constitutions and laws.

This policy applies equally to sworn Texas Peace Officers and all employees.

Peace officers shall only use physical force when no other viable option is reasonably available for resolving an incident without using force, or when other non-physical options have proven ineffective.  In every instance, peace officers must distinguish between incidents which require immediate and decisive law enforcement action and those incidents which do not require an immediate resolution.  When safe and feasible, peace officers should allow a subject sufficient time to comply with lawful orders and should employ de-escalation techniques consistent with his/her training in an effort to avoid using force unnecessarily.  Peace officers shall attempt to slow down or stabilize the situation to potentially provide more time, options and resources for incident resolution.  When safe and reasonable to do so, efforts should be made to calm the subject and promote rational decision making.

Prior to responding to a subject's resistance, and when safe and reasonable to do so, peace officers should determine whether the subject's behavior constitutes willful refusal to comply with lawful orders or an inability to comply based upon other factors, such as medical conditions, mental impairment, developmental disability, physical limitation,

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

language barrier, drug interaction, *etc*.

This policy supports the progressive and reasonable escalation and de-escalation of officer-applied force in proportional response to the actions and level of resistance offered by the subject. The level of response is based upon the situation encountered and the actions of the subject in response to the officer's commands. Subjects may move more rapidly from a low level of resistance to a higher level of resistance or may immediately threaten at a high level of resistance, including the use of lethal force. The officer's use of force is in response to the resistance from the subject to lawful police control.

The response to resistance by law enforcement personnel is a matter of critical concern both to the public and the law enforcement community. The Department is dedicated to upholding lawful, professional, and ethical standards through assertive leadership and supervision before, during, and after all force incidents. This includes, but is not limited to, proper training, prevention efforts, effective tactics utilized during an incident, objective review, and analysis of ALL use of force incidents.

II. **Definitions:**

A. <u>Administrative Duty</u>: Job tasks that do not require an employee to exercise arrest authority as a primary function of his/her position. Employees assigned to administrative duty shall report for duty wearing civilian attire and may not operate a marked patrol vehicle.

B. <u>Administrative Leave</u>: Employee's absence from duty with full pay and benefits.

C. <u>Bodily injury</u>: Physical pain, illness, or any impairment of physical *condition [Texas Penal Code, Section 1.07 (8)]*.

D. <u>Choke Holds (Neck Restraints):</u> Any technique which restricts the flow of air and / or blood from passing through the neck of a person.

E. <u>De-Escalation:</u> The methods and processes involved in facilitating the peaceful ending of conflict and / or unstable situations. Ultimately a wide range of methods and procedures for addressing conflict exist, including negotiation, mediation, diplomacy, and creative peacebuilding.

F. <u>Deadly / Lethal Force</u>: Force that is intended or known by the person to cause, or in the manner of its use or intended use, is capable of causing death or serious bodily injury *[Texas Penal Code, Section 9.01 (3)]*.

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

G.  <u>Directed Force:</u>  Force used in the execution of one's duties under the immediate direction of a supervisor.

H.  <u>Force Transition:</u>  The movement, escalation / de-escalation, from the application of one force type to another in keeping with the "objectively reasonable" standard.

I.  <u>Immediate Threat:</u>  An immediate threat exists when a subject has revealed actions that would lead one to reasonably believe the subject will continue to pose a threat if not apprehended without delay. A person is an immediate threat if the peace officer reasonably believes the person has the present intent, means, opportunity and ability to complete the threat regardless of whether the threatened action has been initiated.

J.  <u>Medical Assistance Force:</u>  Force used to restrain or safeguard under the immediate direction and supervision of medical / mental health staff.

K.  <u>Minimal Amount of Force Necessary:</u>  The lowest level of force within the range of objectively reasonable force that is immediately necessary to effect an arrest or achieve a lawful objective without increasing the risk to others.

L.  <u>Personal Weapons:</u>  A peace officer's use of his or her body part, including but not limited to hand, foot, knee, elbow, shoulder, hip, arm, leg or head by means of high velocity kinetic energy transfer (impact) to gain control of a subject.

M.  <u>Physical Force:</u>  Any action taken by a peace officer against another that has an imminent potential for injury or death to another person.

N.  <u>Reasonable Belief:</u>  A belief that would be held by an ordinary and prudent person in the same circumstances as the acting person *[Texas Penal Code, Section 1.07 (42)]*.

O.  <u>Reasonable Force:</u>  An objective standard of force viewed from the perspective of a reasonable officer, without the benefit of 20/20 hindsight, and based on the totality of the circumstances known to or perceived by the officer at the time.

P.  <u>Reportable Force:</u>  Any actions taken by a peace officer to gain compliance from a non-compliant subject(s) that results in injury, complaint of injury in the presence of an officer, complaint of pain that persists beyond the use of a physical control hold, or death and which involves the use of personal body weapons, chemical

**CONSTABLE ALAN ROSEN**

**HARRIS COUNTY CONSTABLE'S OFFICE**

**Precinct One**

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

agents, intermediate weapons, impact weapons, a police service canine to apprehend any individual, extended range impact weapons, vehicle interventions, and firearms. Any intentional pointing of a firearm at a subject shall be considered a reportable threat of force.

Q.   Serious Bodily Injury:  Bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ *[Texas Penal Code, Section 1.07 (46)]*.

R.   Unreasonable Force:  Force that is unnecessary or unreasonable given the totality of the circumstance presented to the peace officer at the time the force is applied.

### III.     Determining Objectively Reasonable Force

The legal standard used to determine the lawfulness of a use of force is the Fourth Amendment to the United States Constitution. This policy builds on the United States Supreme Court's principles in *Graham v. Connor (1989) 490 U.S. 386*. Graham states, in part, "The objective reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are tense, uncertain, and rapidly evolving about the amount of force that is necessary in a particular situation. The test of reasonableness is not capable of precise definition or mechanical application." The force must be reasonable under the circumstances known to the officer at the time the force was used. Therefore, the HCCO1 examines all uses of force from an objective standard rather than a subjective standard.

### IV.     Considerations Governing Use of Force

A.   The Department examines reasonableness using the *Graham* standard – looking at the specific facts of the use of force incident as viewed from the perspective of a peace officer with similar training and experience placed in generally the same set of circumstances.  Additionally only the amount of information the peace officer had at the time of the incident will be considered.

B.   For planned operations, such as execution of a search or arrest warrant, personnel shall develop a tactical plan predicated on preventing the use of force whenever feasible prior to engaging in the operation.  Supervisors shall pre-approve all planned tactical operations.

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|----------|-----------|------------|
| **USE OF FORCE** | **500** | **23** |

C. Response to resistance must be for a lawful purpose. Peace officers may use reasonable force options in the performance of their duties for the following reasons:

    1. To effect a lawful arrest, detention, or search;

    2. To overcome resistance;

    3. To prevent escape from a lawful arrest, detention, or search;

    4. To prevent the commission of an offense within view;

    5. In defense of others or in self-defense;

    6. To gain compliance with a lawful order; or

    7. To prevent a person from injuring himself / herself.

D. Peace officers may be confronted with a wide variety of situations in which he or she must make split second decisions whether response to resistance is immediately necessary, and if so, what is the appropriate level of response required to overcome a subject's non-compliance. In determining the appropriate level of force, peace officers shall evaluate the facts and circumstances of each unique situation, and his or her evaluation shall be guided by his or her training and experience.

E. The peace officer will use the lowest response to resistance that is immediately necessary and within the range of "objectively reasonable" options.

    1. When response to resistance is needed, peace officers will assess each incident to determine, based on policy, training, and experience, which response to resistance option will de-escalate the situation and bring it under control in a safe and prudent manner.

    2. Reasonable and sound judgement will dictate response to resistance options to be employed.

    3. **WHEN RESISTANCE STOPS, RESPONSE TO RESISTANCE MUST IMMEDIATELY STOP.**

F. De-Escalation

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

1. A peace officer must exercise control of a non-compliant subject to make an arrest, or to protect any person from the risk of imminent harm.

2. Peace officers are trained in a variety of de-escalation techniques which may impact the direction and / or outcome of many situations they face; however, not every potentially violent confrontation can be successfully de-escalated.

3. Supervisors can help aid in a favorable outcome when they become involved in the management of an overall response to potentially violent encounters by coordinating resources and personnel's tactical actions.    Supervisors should possess a working knowledge of tactics and ensure peace officers under their supervision perform appropriately.

## V.    Levels of Resistance

A.    <u>Compliant:</u>  A subject contacted by a peace officer who acknowledges direction or orders given and offers no resistance.  The subject complies with the peace officer's verbal direction.

B.    <u>Passive Resistance:</u>  The subject is not complying with a peace officer's direction and is uncooperative, but is taking only minimal physical action to prevent a peace officer from placing the subject in custody and taking control.  Examples includes: standing stationary and not moving upon lawful direction, falling limply and refusing to use their own power to move (becoming "dead weight"), holding onto a fixed object, or locking arms to another during a protest or demonstration.

C.    <u>Active Resistance:</u>  The subject's verbal or physical actions are intended to prevent a peace officer from placing the subject in custody and taking control, but are not directed at harming the peace officer.  Examples include:  walking or running away, breaking the peace officer's grip, evasive movements to defeat a peace officer's attempt to control, verbally or physically signaling an intention to avoid or prevent being taken into or retained in custody.

D.    <u>Aggressive / Assaultive Resistance:</u>  The subject displays the intent to harm any person and prevent the peace officer from placing them in custody and taking control.  The subject may verbally or physically display an intent to assault any person.  The aggression may manifest itself through a subject taking a fighting stance (i.e. blading their gait, closing their hands into fists, and lowering their center

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

of gravity), punching, kicking, attacking with weapons or committing other actions which present an imminent threat of physical harm to any person.

E.    <u>Aggravated Aggressive / Assaultive Resistance (Life-Threatening):</u>  The subject's actions are likely to result in death and / or serious bodily injury to any person.  These actions may include a firearm, use of blunt or bladed weapon(s), and extreme physical force.

**VI.    Use of Force**

A.    Legal Limitations:

Peace officers may use force and / or deadly force only under certain lawful or authorized situations. The Texas Penal Code, Sections 9.51 and 9.52, delineate the Texas Law of justifiable homicide.

B.    Directed Force

When force is directed by another, the same policy applies both to the one directing force and to the person(s) applying the force.  The fact that another person directed the action is no defense to an unlawful and / or unreasonable application of force.

C.    Medical Assistance Force

If medical assistance force is directed by trained medical / mental health personnel, the training and experience of the medical / mental health staff will be considered when determining reasonableness.  The fact that another person directed the action is no defense to an unlawful and / or unreasonable application of force.

D.    Unreasonable Force

Unreasonable force is prohibited.  The use of unreasonable force may subject the employee applying such force to discipline, up to and including termination of employment, and / or prosecution.

E.    Force Used to Effect an Arrest and / or Search

1.    A peace officer is justified in responding to resistance against another when and to the degree the peace officer reasonably believes the response to resistance is immediately necessary to accomplish lawful objectives, and if:

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

a. The peace officer reasonably believes the arrest or search is lawful, or,

b. The arrest or search is made under warrant and the peace officer reasonably believes the warrant is valid, and

c. Before responding to resistance, the peace officer states the purpose of arrest or search and identifies himself as a peace officer unless he / she reasonably believes the purpose and identity are already known by the person to be arrested *[Texas Penal Code, Section 9.51(a) (2)]*.

d. Physical force **SHALL NOT** be used against subject(s) in restraints, except as necessary to prevent the subject's escape or prevent imminent bodily injury to any person.

e. Any officer present and observing another officer, regardless of rank, using force that is clearly beyond that which is objectively reasonable under the circumstances shall, when in a position to do so, safely intervene to prevent the use of excessive force. Examples of force that would require an officer's intervention may include, but are not limited to: use of choke holds [in any situation where deadly force would not be authorized]; using force against a restrained or subdued subject; leaving a secured subject in a prone position in any fashion that restricts breathing or blood flow; any use of force in violation of this department's policy. Officers shall promptly report those observations to a supervisor. The obligation to report remains in place even if the officer is successful in intervening in the use of force. Any failure to intervene and/or failure to report improper use of force shall be grounds for discipline up to and including termination.

F. Lethal / Deadly Force:

1. Use of lethal / deadly force must be in accordance with all applicable State and Federal laws.

2. Elements of Lethal / Deadly Force

a. <u>Ability</u> - Ability exists when a person has the resources or ability to cause severe injury, serious bodily injury or death to any person. This

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

may include, but is not limited to the subject's:

1)     physical ability;
2)     size;
3)     age;
4)     strength
5)     cognitive ability;
6)     being under the influence of controlled substances and/or alcohol;
7)     combative skill;
8)     level of aggression; and
9)     any weapons in their immediate control.

b.     <u>Opportunity</u> - Opportunity exists when a subject is in a position to effectively resist a peace officer's control or to inflict violence upon any person. Examples which may affect opportunity include the relative distance to the peace officer or others and physical barriers between the subject and the peace officer.

c.     <u>Imminent Jeopardy</u> - Based upon all the facts and the situation confronting the peace officer, the peace officer reasonably believes the subject poses an imminent threat to the life of any person and the peace officer must act immediately to prevent death or serious bodily injury.

d.     <u>Preclusion</u> - All other lesser force alternatives have been reasonably considered and / or exhausted prior to the lethal force. Lethal force in response to the subject's actions must remain objectively reasonable while based upon the totality of the circumstances known to the peace officer at the time force was applied.

3.     A peace officer is justified in using lethal / deadly force against another when and to the degree the peace officer reasonably believes the action is

a.     in defense of human life or in defense of any person in imminent danger of serious physical injury; or

b.     to make an arrest or to prevent escape after arrest, if response to resistance was justified as set forth above, and:

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
## Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

1)      The peace officer reasonably believes the conduct for which the arrest is authorized included the use or attempted use of unlawful lethal force; or

2)      The peace officer reasonably believes there is a substantial risk that the person to be arrested will cause death or serious bodily injury to any person if the arrest is delayed.

3)      When using lethal force to prevent the escape of a fleeing felon, the Deputy must have probable cause to believe the fleeing felon has committed a violent felony and will be an imminent threat to human life if escape should occur.  Peace officers are reminded of the limitations set forth in *Tennessee v. Garner, 471 U.S. 1 (1985).*

4.      Restrictions on Lethal / Deadly Force

a.      <u>Automobiles</u>:

1)      A peace officer shall not discharge a firearm against the occupants of a moving vehicle or at the moving vehicle itself, unless:

      i.      Deadly force, or the threat of deadly force, emanates from a weapon other than the vehicle, and the peace officer reasonably believes his or her response will not place other lives in danger; or

      ii.      Deadly force, or threat of deadly force, is used by a subject in the moving vehicle towards any person, and the peace officer believes his or her response will protect the life of any person and not unreasonably place other lives in danger.

2)      Peace officers should not use lethal / deadly force from a moving vehicle unless such action is deemed immediately necessary to respond to an imminent threat of death and/or serious bodily injury to any person.

3)      The safety of the peace officer is paramount and must be

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| USE OF FORCE | 500 | 23 |

safeguarded at all times.  When confronted by one or more subjects in a motor vehicle, the peace officer should:

    i.    Approach the vehicle from the side whenever possible;

    ii.    Never intentionally place him- or herself in the path of the motor vehicle, front or rear, unless no other approach is reasonable; and

    iii.    Move out of the path of an oncoming vehicle, if possible, rather than discharging a firearm at the vehicle or the occupants of a moving vehicle.

    b.    <u>Fleeing Juveniles</u>:

    1)    The rules pertaining to self-defense are equally applicable to juveniles, as a subject should never be considered less dangerous merely because of youth.

    2)    However, in the event peace officers are pursuing a fleeing felon believed to be a juvenile, they may not use lethal force even though the subject ignores the peace officer's direction to halt unless the peace officer has probable cause to believe the fleeing felon has committed a violent felony and will be an imminent threat to human life if escape should occur.

    3)    Peace officers are reminded of the limitations set forth in *Tennessee v. Garner, 471 U.S. 1 (1985).*

    c.    <u>Known Felony Subjects</u>:  Lethal force must not be used against persons who are running away to escape arrest except under compelling circumstances in felony cases.

For example, if a peace officer actually sees a person commit a serious felony such as murder, he or she may use lethal force to prevent escape if the subject presents a continuing danger of imminent serious bodily injury or death to any person and cannot be apprehended by any other reasonable means.

    d.    <u>Misdemeanants</u>:

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

1) A peace officer shall not use lethal force to effect the arrest or to prevent the escape of a person whom the peace officer reasonably believes has committed a misdemeanor offense.

2) If conduct which begins as misdemeanor conduct escalates to the degree that the life of any person is placed in imminent danger, then the peace officer will follow the guidelines set forth in this policy pertaining to the use of lethal force.

e. <u>Suspected Felony Subjects</u>:

A peace officer shall not use lethal force against a person who is called upon to halt upon mere suspicion, and who simply runs away to avoid arrest.

f. <u>Protection of Property:</u>  A peace officer shall not use lethal force solely to protect property.

g. <u>Warning shots</u>: Warning shots shall not be fired.

G. Notice of Authority and Identity

Before using force, peace officers should manifest their purpose to arrest and / or to search and identify themselves as peace officers, unless the peace officer reasonably believes his or her purpose and identity are already known by or cannot reasonably be made known to the subject to be searched and / or arrested *[Texas Penal Code, Section 9.51 (a) (2)]*.

H. Self Defense

A peace officer is justified in using force as self-defense against another as stipulated in *Texas Penal Code 9.31 and 9.32*.

I. Duty to Render Aid:

1. Peace officers shall render aid and / or ensure appropriate professional medical attention is proved to any person injured or believed to be injured as a result of a use of force as soon as it is reasonable and safe to do so.

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

2.  Documentation and a description of the injuries, or possible injuries, and the treatment administered shall be included in the appropriate offense report.

3.  Whenever a subject has obvious injuries as a result of a peace officer's response to resistance, or complains of injuries as a result of a peace officer's response to resistance, the employee shall:

   a.  Have the subject evaluated and/or treated by Emergency Medical Service (EMS) personnel and follow their directions. If the subject refuses evaluation and / or treatment from EMS, the peace officer shall;

      1)  Ensure the subject acknowledges such refusal by signature on the EMS record.

      2)  If the subject refuses to acknowledge by signature his or her refusal of treatment, such refusal shall be documented in the incident report and / or body worn camera, and the EMS personnel shall be identified by name, unit number, and EMS provider (e.g. Houston Fire Department, Harris County Emergency Corps, etc.).

   b.  Provide transport to an appropriate medical facility (hospital) if not transported by EMS.

   c.  Document the incident in an offense report and notify an on-duty supervisor in the peace officer's chain of command.

## VII.  Duties and Responsibilities

A.  Reporting Use of Force:

   The Department will examine all incidents wherein its personnel have applied force as defined herein to ensure that each event is properly documented and investigated for the following reasons:

   1.  To assure the community policies are followed.

   2.  To ensure proper and accurate documentation of the incident in the event of civil action being brought against the Department or the peace officer.

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

3.    To evaluate the training needs of the Department.

Unauthorized or indiscriminate use of physical force may result in disciplinary action being taken against an employee, up to and including termination of employment and / or prosecution.

B.    Reporting Use of Force:

a.    When the peace officer, who responded to resistance, is preparing the incident report, the peace officer shall include the following information:

1)    The subject's action(s) necessitating the response to resistance, including the threat presented by the subject,

2)    Efforts to de-escalate prior to the response to resistance, and if de-escalation techniques were not used, why de-escalation techniques were not used,

3)    Any warning given, and if none, why a verbal warning was not given,

4)    The type(s) of response to resistance used,

5)    Injury sustained by the subject,

6)    Injury sustained by the peace officer(s) or any person,

7)    Information regarding medical evaluation, including whether the subject refused, and

8)    The supervisor's name, rank, unit number, and date and time notified.

9)    The involved peace officer shall be afforded an opportunity to review available video(s) of the event prior to any report preparation [*Texas Occupations Code 1701.655(b) (5)*].

b.    In the event a peace officer is unable to document his or her use of force due to exceptional circumstances, another peace officer shall

# CONSTABLE ALAN ROSEN

## HARRIS COUNTY CONSTABLE'S OFFICE

## Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

document the use of force in an incident report or supplement report at the direction of a supervisor.

3.   A peace officer will justify each application of force.

4.   All incidents involving the use of force and / or threat of force in the following categories shall be documented, reviewed by the immediate supervisor, and forwarded to the respective Division Commander.

   a.   Any action taken by a peace officer that results in, or is alleged to have resulted in, any injury or death of another person.

   b.   Any action taken by a peace officer against another that has an imminent potential for injury or death to another person.

C.   Reporting the Observed Use of Force:

1.   All peace officers, whether on- or off-duty, who have observed the use of force by another peace officer shall promptly report the observed use of force to an on-duty supervisor and shall record the details observed promptly, completely, and accurately in a supplement report to the involved peace officer's report or generate an original report if the peace officer's report is not accessible.

2.   Failure to report an observed use of force may lead to disciplinary action, up to and including termination of employment, or prosecution, depending on the circumstances.

D.   Further Reporting of All Use of Force Incidents

All use of force incidents shall be referred to the Use of Force Committee, Chain of Command, and / or IAD as appropriate.

Once notified of a use of force incident that results in serious bodily injury or death of any person, the supervisor shall ensure the Internal Affairs Division is notified. In this instance, the supervisor shall notify the chain of command immediately. Notifying the immediate supervisor shall be sufficient. That supervisor shall then continue the notification up the chain of command if necessary.

1.   Supervisory Personnel:

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

Upon being notified of a use of force, supervisors will ensure the use of force report is completed prior to the end of the peace officer's tour of duty and ensure:

    a.    All relevant documents (e.g., incident report, photos, conducted energy weapon downloads, E-1 injury report, and / or medical receipt, *etc*.) have been generated; and

    b.    The use of force documentation shall be forwarded in a timely manner for review.

2.    In the instance of death of any person during a response to resistance, IAD or the appropriate department designee will notify the Texas Attorney General's Office.

E.    Completed Use of Force Reports:

1.    After completion of the investigation, but not later than thirty (30) days after the beginning of the quarter, each Division Commander shall submit a report detailing any patterns or trends involving the use of force which he or she believes may require additional training, equipment, or policy modifications.

2.    After receiving the Division Commanders' reports, the Division Chiefs will meet as a Use of Force Review Committee to discuss patterns or trends involving the use of force which they believe may require additional training, equipment, or policy modifications, and they will report their findings to the Constable.

3.    Nothing herein is meant to limit the time when Chiefs may determine and report use of force trends they believe warrant immediate attention so these problems can be rectified at the earliest possible time.

F.    Administrative Leave / Duty Status

1.    Immediately following an employee's involvement in an incident wherein the use of force or other actions result in serious bodily injury or the death of any person, the Division Chief shall assign the employee to administrative leave or administrative duty status.

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

2.  While on administrative leave or duty, the employee shall attend a post-incident debriefing with a Department approved counselor.

3.  Assignment to administrative leave or administrative duty status is non-disciplinary and, as such, is used to address the personal and emotional needs of the employee involved in the use of force, and assure the community that the facts surrounding the case are fully and professionally investigated.

4.  Off-duty Employment:

    An employee assigned to administrative leave or duty status in accordance with this procedure may not work any law enforcement extra-employment. The Division Chief shall decide whether the employee may engage in non-law enforcement extra-employment on a case-by-case basis.

VIII.  **Use of Force Training**

A.  All peace officers will receive in-service training on the use of force policies at least annually. Additional training may be required as deemed necessary.

B.  A copy of the approved use of force policies will be issued to each peace officer during the in-service training.

C.  This training will be documented, and records will be maintained by the Department.

IX.  **Use of Force Continuum**

A.  Peace Officer physical presence.

B.  Verbal direction and / or commands.

C.  Empty hand control.

1.  Soft empty hand control.

2.  Conducted Energy Weapon (CEW).

3.  Remote Restraint Device (RRD).





**CONSTABLE ALAN ROSEN**

**HARRIS COUNTY CONSTABLE'S OFFICE**

**Precinct One**

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

      1.      Chemical Weapons.

          a.      Oleoresin Capsicum (OC) spray.

          b.      Orthochlorobenzamalonitrile (CS).

D.      Hard empty hand control (strikes).

E.      Intermediate weapons.

      1.      Batons (expandable and straight stick).

      2.      Less Lethal Munitions / Extended Range Impact Weapon (40mm and hand tossed).

F.      Threat of Lethal Force.

G.      Lethal Force.

**X.      Levels of Force and Control:**

A.      A peace officer shall use de-escalation techniques consistent with his or her training whenever possible and / or appropriate before resorting to force.

B.      A peace officer is authorized to use only the necessary and reasonable amount of force to effect an arrest and deter any aggression or resistance on the part of any subject being arrested. The peace officer's actions will be guided by the subject's level of resistance.

C.      All certified personnel shall be required to carry at least one (1) less lethal force option at all times while in uniform, whether on or off duty.  This includes while engaged in approved extra employment activities.  Certified personnel may carry more than one (1) less lethal force option while in uniform, however nothing in this policy alleviates certified personnel from the requirement to complete required training and demonstrate proficiency with each force option prior to carrying it.

D.      Once resistance is overcome or aggression is reduced, de-escalation must occur.

E.      The peace officer must be able to articulate and document the level of resistance

# CONSTABLE ALAN ROSEN

## HARRIS COUNTY CONSTABLE'S OFFICE

### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|----------|-----------|------------|
| **USE OF FORCE** | **500** | **23** |

he or she encounters and the reasoning he / she uses for selecting a level of control in response.

F.    The peace officer's response to resistance will be in one of the following categories:

1.    <u>Peace Officer's Presence:</u>

Situations can be often stopped before they begin by the mere presence of a uniformed peace officer. A peace officer's attentiveness will aid in this by continually watching their surroundings by observing their 540 degrees of cover. Projecting the image that you are aware of what is going on around you can often negate a challenge from a potential attacker.

2.    <u>Verbal Direction:</u>

The situation may often be defused by using good communication skills or verbal directions. In any verbal confrontation, fear and anger must be defused before a subject will be able to understand the officer's commands. Successful communication techniques may be accompanied by hand gestures for directional value or the halting of an advancing subject. Peace officers are reminded to be clear, concise, and assertive when using verbal direction. This technique is employed in the cooperative stage.

3.    <u>Empty Hand Control:</u>

This action could be as subtle as gently directing a subject's movements (pressure points and come-a-longs), to more dynamic techniques (strikes and kicks) which may have a higher potential of causing injury to the subject. This policy divides Empty Hand Control into two categories, soft and hard.

a.    <u>Soft Empty Hand Control:</u>

This level of control is designed to control primarily low levels of resistance with a minimal to nonexistent risk of injury. These techniques are used to control passive types of resistance and defensive resistance. These techniques are employed in the passive resistance stage.

b.    <u>Empty Hand Control - Hard:</u>

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| USE OF FORCE | **500** | **23** |

This level of control is for higher levels of defensive resistance and aggression. Techniques which fall into this level of force have a possibility of soft or connective tissue damage, skin lacerations that require medical attention, or bone fractures. Striking and stunning blows are considered hard empty hand control techniques.

4.  Conducted Energy Weapons (CEWs) – *Less-Lethal Force Option*:

Studies have shown that CEWs are a less-lethal force option which provide peace officers with an additional means to defend him- or herself or another from injury and to control a subject in a manner which is less likely to result in injuries to any person. CEW deployment is justified when verbal commands are ignored and / or soft empty hand control tactics are ineffective.

5.  Remote Restraint Device (RRD) – *Less-Lethal Force Option*:

RRD provides peace officers with another less-lethal force option which may be used for immobilizing and controlling resistive / non-compliant persons and persons with known or suspected mental health issues and to defend any person from injury. RRD deployment is justified when verbal commands are ignored and / or soft empty hand control tactics are ineffective.

6.  Intermediate Weapons – *Less-Lethal Force Option*:

Approved impact weapons, such as a baton (straight baton or expandable baton) and / or chemical agents are less-lethal force options that are not intended to cause death and / or serious bodily injury. These can aid a peace officer in defending themselves and controlling subjects when lower levels of force are ineffective or perceived to be ineffective and lethal force is not justified.

When a peace officer uses an intermediate weapon for control, it should always be with the intent to temporarily disable a subject and never with the intent of creating permanent injury. When intermediate weapons are used, it is likely that some form of skin irritation, bruising, soft or connective tissue damage, or bone fractures may occur.

a.  Impact Weapons – *Less-Lethal Force Option*:

# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

Department approved batons provide a means by which a peace officer can defend him- or herself or others from injury and control subjects when a peace officer is facing resistance in the form of active aggression.

All strikes should normally be delivered to major muscle mass groups (e.g. forearms, thighs, calves, *etc*.). These areas are primary targets due to the decreased chance of serious injury. Strikes to these locations normally create severe muscle cramping which inhibit a subject's ability to continue with aggression.

Deliberate strikes to the head, neck, throat, groin, and clavicle shall be considered lethal force and will only be used in response to lethal force where the subject is assaulting any person with a weapon or using techniques or objects that threaten the imminent infliction of death or serious bodily injury.

b.    <u>Chemical Agents – *Less-Lethal Force Option*</u>:

Chemical agents approved by the Department provide a means by which a peace officer can defend any person from injury and a means of controlling a subject. Chemical agents are justified when the subject's resistance has escalated and intermediate weapons are justified.

7.    Threat of Lethal Force:

Peace officers shall not point a firearm at or in the direction of a person unless there is a reasonable perception that the situation may escalate to justify lethal force.

8.    Lethal Force:

The value of human life is immeasurable. Peace officers are delegated great responsibility to protect life and to apprehend subject(s). The apprehension of subject(s) and the protection of property must, at all times, be subordinate to the protection of life. Even so, there may be times when a peace officer is attacked with unlawful lethal force or a peace officer witnesses another being attacked with unlawful lethal force. In those instances, the use of lethal force by the peace officer is justified.

# CONSTABLE ALAN ROSEN

## HARRIS COUNTY CONSTABLE'S OFFICE

## Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|---|---|---|
| **USE OF FORCE** | **500** | **23** |

    a.    Lethal force is any force that could cause death or serious bodily injury.

    b.    Choke holds and neck restraints are considered lethal force and may not be used unless lethal force is immediately required to save the life of any person and no other force options are reasonably available.



# CONSTABLE ALAN ROSEN
## HARRIS COUNTY CONSTABLE'S OFFICE
### Precinct One

www.pct1constable.net

| SUBJECT: | POLICY #: | # of Pages |
|----------|-----------|------------|
| **USE OF FORCE** | **500** | **23** |

*The below model will be updated with a current and applicable model for this policy.  The below is used to ensure its existence is known.*



**Revision:**

This policy has been revised on the below listed dates:

February 28, 2013
July 2014
March 2019
December 2019
July 2020
February 2021