UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KERRY LEE THOMAS,<br><br>       Plaintiff,<br><br>v.<br><br>ROBERT JOHNSON,<br>ERIC M. BRUSS,<br>WAYNE SCHULTZ,<br>and THE ESTATE OF ROBERT JOHNSON,<br><br>       Defendants. | Case No. 4:23-cv-00662 |

**PLAINTIFF KERRY LEE THOMAS'S OPPOSED[1] MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO ERIC BRUSS'S AND WAYNE SCHULTZ'S JOINT MOTION TO EXCLUDE PORTIONS OF THOMAS TIDERINGTON'S TESTIMONY**

  Plaintiff Kerry Lee Thomas respectfully requests leave to file a surreply in opposition to Defendants Eric Bruss's and Wayne Schultz's Joint Motion to Exclude Portions of Thomas Tiderington's Testimony ("Motion," Doc. 122). A surreply is appropriate when, as here, "the movant raises new legal theories or attempts to present new evidence at the reply stage." *ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, No. CV H-16-02746, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017) (citation and internal quotation marks omitted). *See also Salomon v. Wells Fargo Bank*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *2 (W.D. Tex. June 21, 2010) (granting motion for leave to file a surreply based on one case cited for the first time in reply); *Duarte v. St. Paul Fire & Marine Ins. Co.*, No. EP-L4-CV-305-KC, 2015 WL 12910213, at *1

---

[1] Plaintiff's counsel emailed Celena Vinson, counsel for Defendants Bruss and Schultz, and requested her position on Plaintiff's forthcoming motion for leave to file a sur-reply. Having received no response, Plaintiff's counsel have marked the motion as opposed.

1

(W.D. Tex. Aug. 28, 2015) (granting motion for leave to file a surreply to permit plaintiff to respond to "newly contested matters raised for the first time" in reply).

Here, Defendants raise new arguments and cite new legal authorities for the first time in Reply to Mr. Thomas's Response in Opposition to their Motion ("Reply"). *See* Doc. 122, 127. First, Defendants make the new argument that Chief Tiderington should not be permitted to testify about any violation of police policies because "this case is not about Harris County's policies or general police practices. In fact, Harris County is not a party and violation of police policies is not relevant to Thomas's bystander liability claims." Doc. 127 at 1–2. This argument is belied by this Court's prior holdings in this case, by Supreme Court precedent, and by Fifth Circuit precedent, including precedent Defendants cite. While it is true that violation of police department policies *alone* cannot establish a constitutional violation, policy violations can still inform the reasonableness of an officer's actions. *Hope v. Pelzer*, 536 U.S. 730, 741–42 (2002) (relying, in part, on existing policies to find a right clearly established); *Rice v. ReliaStar Life Ins. Co.*, 770 F.3d 1122, 1133 (5th Cir. 2014) (acknowledging that a failure to follow departmental policy can put the reasonableness of an officer's actions into question); *Bailey v. Ramos*, No. SA-20-CV-00466-XR, 2022 WL 17658641, at *4 (W.D. Tex. Nov. 21, 2022).

Second, Defendants make the new argument that Chief Tiderington should not be permitted to testify at all because he is not "an expert with specialized knowledge in canine deployments." Doc. 127 at 2. To the contrary, Chief Tiderington has 30 to 35 years of experience reviewing uses of force—including canine uses of force—to determine whether they comply with national policing standards and departmental policies. Doc. 125-1 at 236:10–25.[2] The fact that he himself has not been a canine handler does not diminish his expertise in evaluating canine

---

[2] The page numbers of the exhibit do not match the ECF page numbers. For ease of reference, Mr. Thomas cites to the ECF page numbers here and throughout the motion where there is a discrepancy.

uses of force. *See Stranjac v. Jenkins*, No. CIV.A. 10-829, 2012 WL 3862377, *14 (M.D. La. Sept. 5, 2012) (rejecting an attempt to exclude a police practices expert who was "not an expert specifically in the use of canines" because his extensive and high-level law enforcement experience nevertheless made him qualified to evaluate the K9 force at issue). Defendants' reliance on *Molina v. Collin Cnty., Tex.*, No. 4:17-CV-00017, 2017 WL 4876194, at *2 (E.D. Tex. Oct. 27, 2017) is misplaced. There, the Court excluded two lower ranking officers who had little experience with canines and no experience supervising canine units or evaluating canine uses of force. *Id.* at *2–3. The excluded officers' inexperience is stark when compared to Chief Tiderington's long and accomplished career. Doc. 116-1 at 14–15.

Third, defendants make the new argument that Chief Tiderington should not be permitted to testify about what Bruss and Schultz should have known because he "did not consider … key objective facts" surrounding Johnson's reports to dispatch and the other officers' arrival times. Doc. 127 at 3. Defendants offer no proof for their contention that Chief Tiderington did not consider these facts, because there is none. Chief Tiderington directly addressed and acknowledged the facts Defendants point to in his report. Doc. 116-1 at 18–24, 29–32. In any case, Chief Tiderington's extensive citations to and inclusion of specific, time-stamped moments and screenshots from Defendants' bodyworn camera and dashcam footage make clear that he closely reviewed and considered the full timeline of events before and after the dog attack. *Id.* at 18–40. He simply reached a different conclusion that Defendants would prefer. This does not render his testimony inappropriate.

Finally, Defendants make new, inaccurate assertions about Mr. Thomas's opposition briefing and the law. Doc. 127 at 1. First, Defendants falsely claim that Mr. Thomas conceded Chief Tiderington "will not provide a play-by-play of the video evidence." *Id*. In reality, Mr.

Thomas conveyed that Chief Tiderington would offer *more* than a play-by-play of the video evidence, stating: "[C]ourts in this circuit have allowed experts to testify about video evidence where they offer more than 'a play-by-play of the video' and instead offer analyses that they "would be better suited than a layperson to do." Doc. 122 at 10. "Here, there is no dispute that Chief Tiderington has an expertise in police practices beyond that of a layperson." *Id.* (citing *Schott v. Bexar Cnty.*, No. 5:23-CV-00706-OLG-RBF, 2025 WL 2375649, at *10 (W.D. Tex. Aug. 14, 2025). Second, Defendants falsely claim that the *Bailey* court "rejected the same 'terminology disclaimer' Tiderington employs here and cautioned him to 'choos[e] his words more carefully.'" Doc. 127 at 2, citing *Bailey*, 2022 WL 17658641, at *4. In reality, the *Bailey* court's holding was more nuanced. The court only deemed Chief Tiderington's "terminology disclaimer" insufficient as to the word "reasonable," because "reasonable" is a legal conclusion. *Id.* The court did not reject or restrict Chief Tiderington's testimony as to any other terminology. *Id.* at *4.

Mr. Thomas's proposed surreply is his first opportunity to correct the record and respond to these newly contested matters.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff Kerry Lee Thomas respectfully requests that this Court grant him leave to file the attached surreply to respond to Defendants' previously unraised legal arguments and authorities.

Respectfully submitted this 25th day of September, 2025,

/s/ Brittany Francis

Brittany Francis*
brittany@peoplescounsel.org
Shirley LaVarco (S.D. Tex. Bar No. 3837906)
shirley@peoplescounsel.org
Peoples' Counsel
1900 W. Gray Street
P.O. Box 130442
Houston, TX 77219
Telephone: (713) 487-9809
* Attorney-in-Charge. Admitted to practice in Texas (Bar No. 24141616), New York (Bar No. 5337555), and the District of Columbia (Bar No. 90008960).

Alessandro Clark-Ansani(*pro hac vice*)†
alessandro@civilrightscorps.org
Civil Rights Corps
1601 Connecticut Ave. NW, Suite 800
Washington, D.C. 20009
Telephone: (202) 844-4975
alessandro@civilrightscorps.org

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on September 25, 2025, a true and correct copy of this document was properly served on counsel of record via electronic filing in accordance with the United States District Court for the Southern District of Texas Procedures for Electronic Filing.

*/s/ Brittany Francis*
Brittany Francis

**CERTIFICATE OF CONFERENCE**

I certify that on September 25, 2025, Plaintiff's counsel emailed Celena Vinson, counsel for Defendants Bruss and Schultz, and requested her position on Plaintiff's forthcoming motion for leave to file a sur-reply. Having received no response, Plaintiff's counsel have marked the motion as opposed.

/s/ Brittany Francis
Brittany Francis

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KERRY LEE THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT JOHNSON,<br>ERIC M. BRUSS,<br>WAYNE SCHULTZ,<br>and THE ESTATE OF ROBERT JOHNSON,<br><br>    Defendants. | Case No. 4:23-cv-00662 |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY**

On September 25, 2025, Plaintiff Kerry Lee Thomas filed a Motion for Leave to File Surreply ("Motion for Leave"), along with a proposed Surreply. Doc. . The Court finds Plaintiff's motion is warranted in light of new legal arguments and authorities raised by Defendants Eric M. Bruss and Wayne Schultz for the first time in Reply (ECF No. 17). *See ENGlobal U.S. Inc. v. Native Am. Servs. Corp.*, No. CV H-16-02746, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017) (citation and internal quotation marks omitted); *Salomon v. Wells Fargo Bank*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *2 (W.D. Tex. June 21, 2010).

Plaintiff's Motion for Leave is hereby granted. The Court will consider Plaintiff's proposed Surreply.

Signed on _____, at Houston, Texas.

_____
Hon. Lee H. Rosenthal
United States District Judge